## KINYON vs. STANTON and another.

44     479
53 LRA 433n
53 LRA 436n

BANK CHECK. *Negligence in presenting check. Withdrawal of funds by drawer.*

1. Delay to present a bank check until the failure of the bank, ten days after its receipt, *held* negligence which would have discharged the drawers if they had left funds in the bank until that time, to meet the check.
2. But where the drawers drew out their entire account in the bank before its failure, they are liable to protect the check; and this, though the bank would probably have paid it at any time before the day of the failure, and although its assignee (under the federal bankruptcy act) recovered from the drawers the money drawn out by them on that day.

APPEAL from the Circuit Court for *Fond du Lac* County. Action on a bank check. Defendants, in the firm name of Stanton & Son, on the 2d of August, 1875, at Waupun in this state, gave plaintiff, for value, their check on the Corn Exchange Bank of Waupun for $423.66. This check was never presented at the bank for payment. On the 10th of August, about 1½ o'clock P. M., the bank suspended payment, and said check has never been paid. At the close of the day on the 31st of July, 1875, defendants' account at said bank was overdrawn, between $1,700 and $1,800; but on the 2d of August they deposited $2,500, and from that date to the 10th of the same month they had on deposit in said bank more than enough money to pay the check; and had it been presented for payment at any time after it was given, up to and during a part of said 10th of August, it would have been paid. On said 10th of August, defendants, hearing from report that

said bank was unsafe or likely to fail, drew from it all the money they had therein, by a check for $487.90 in favor of a third person, and one for $217.75 in their own favor. A few days afterwards, plaintiff asked one of the defendants whether they would pay the check in suit, and they declined to pay it. The bank was adjudged a bankrupt on the 2d of September, 1875; and the assignee in bankruptcy brought an action in November following against the defendants in the proper federal court, to recover the $217.75 drawn by them from the bank on the 10th of August, as above stated.

The facts above stated are substantially those found in the court below. There was also evidence that the check in question would have been paid on presentation at the bank at any time before its failure, irrespective of the state of defendants' account at the bank.

On these facts judgment was rendered in plaintiff's favor for the amount of the check and interest; and defendants appealed.

*Eli Hooker*, for the appellants.

For the respondent, a brief was filed signed by *Seely & Frost* as his attorneys, with *Geo. E. Sutherland*, of counsel, and the cause was argued orally by *Mr. Sutherland*.

Ryan, C. J. Doubtless the respondent was guilty of negligence in holding the check of the appellants so long without presenting it to the bank for payment. And if the appellants had left funds in the bank to meet it, until the failure of the bank, the negligence of the respondent would have discharged the appellants from all liability over. *Jones v. Heiliger*, 36 Wis., 149.

But the appellants saw fit to draw out their entire account in the bank before its failure; and, doing so, must be held in good faith to have intended, as they are liable, themselves to protect the check which they had given to the respondent. And so the negligence of the respondent did not prejudice the appellants.

Kinyon vs. Stanton and another.

This view is not affected by the fact that the bank would probably have paid the check, without regard to the state of the appellants' account, at any time before the day of the bank's failure. On that day, the bank apparently would not have honored the check without funds of the appellants sufficient to meet it. If, at any time, the bank had paid the check without funds of the appellants, they would have been liable to the bank for the amount advanced to pay it. It was immaterial to them whether they should owe the amount to the bank or to the respondent. Certain it is that they must owe it to one or the other. And they elected to owe it to the respondent. As between the parties here, the appellants could have escaped liability over, only by leaving funds in the bank to meet the check from the day it was given until the failure of the bank. They cannot expect to draw all their funds from the bank before its failure, and then escape liability upon a check previously given, merely because the bank failed.

It makes no difference in the relations of the parties, that the assignee of the bank in bankruptcy afterwards recovered against the appellants the balance which they drew out in favor of themselves on the day of the failure, and in view of it. That recovery went upon what the federal court must have held a fraud upon the bankrupt law. The state law gave them perfect right to do as they did. And the recovery in the federal court, even if the amount had been sufficient to pay the check, leaves the fact untouched that the appellants had in fact withdrawn all their funds from the bank, leaving nothing to meet the check which they had given to the respondent.

*By the Court.* — The judgment of the court below is affirmed.

TAYLOR, J., took no part.