Morrison v. McCartney.

MORRISON *et al.*, Respondents, v. McCARTNEY, Appellant.

1. A drawer of a check is not discharged by any laches of the holder in not making due presentment thereof, unless he has suffered loss or injury by the delay.
2. A., on the 2d of October, 1857, drew a check on B., a banker, in favor of C., who, on the same day, transferred the same for value to D. On the 3d of October, about two o'clock in the afternoon, the banking-house of B. suspended payment. On the 6th of October, 1857, A., who had previously instituted suits by attachment against B. to recover the amount of his deposits, compromised the same and received his deposits. The check was not presented until January 29, 1858, when payment was refused. The check was then duly protested and notice given. *Held*, in a suit by D., the holder, against A., the drawer, that the latter was not discharged by the delay.
3. By the forty-fourth section of the first article of the act concerning banks and banking institutions, approved March 2, 1857, all checks drawn on bankers and made payable in currency were made payable in silver and gold or the notes of specie-paying banks.

*Appeal from St. Louis Circuit Court.*

The facts in evidence are sufficiently set forth in the opinion of the court. The court gave the following instructions at the instance of the plaintiff : " 1. The jury are instructed that the mere fact of delay in presenting for payment a check for which the holder has given a valuable consideration is not sufficient to release the drawer of such check from liability to pay the same after it shall have been presented, protested for non-payment, and notice of protest given to the drawer within a reasonable time thereafter, unless some loss was in fact caused to said drawer by such delay ; and if the jury shall believe that the check here sued on was received for value by the plaintiffs, and that before the commence-

ment of this suit said check was presented by them for payment at the banking-house of E. W. Clark & Bros. during the usual business hours of the day, was protested for non-payment, and notice of protest and that he was looked to for payment was given to said defendant the day of or the day after said protest; and they also believe that no loss did in fact result to the defendant from the plaintiffs' delaying to present said check for payment until the 29th day of January, 1858, then the plaintiffs are entitled to recover. 2. The question for the jury in this case is whether by the delay of plaintiffs in presenting said check for payment any actual loss accrued to the defendant; and if the jury believe from the evidence of the plaintiffs that no loss has in fact accrued to the defendant from the delay of plaintiffs in making such presentment, and also believe that plaintiffs were and are holders for value of the check sued on, and that said check was presented for payment, payment refused or not made, and said check protested for non-payment, and notice of such protest and that he was looked to for payment was given on the following day to the defendant, then the plaintiffs are entitled to recover."

The court, of its own motion, gave the following instructions: "1. If the jury believe from the evidence that before the check sued on was presented for payment, the defendant had withdrawn from E. W. Clark & Bros. the entire fund against which said check was drawn, then the burden of proof is on the defendant to show that he did sustain loss by the delay of the plaintiffs in presenting said check. 2. The jury are instructed that for the purposes of this action it is wholly immaterial whether the check sued on was drawn by defendant as an individual, and upon a fund belonging to him alone, or was the check of a firm composed of said defendant and other persons doing business under the style of Samuel McCartney, and upon a fund in fact belonging to said firm. 3. If the defendant, on the 2d of October, 1857, drew the check in question upon the firm of E. W. Clark & Bros., bankers, payable in currency, in favor of H. G. Bohn & Co.,

for value, and said Bohn & Co. delivered it to plaintiffs for value, and on the 6th of October, 1857, the defendant withdrew or obtained the whole of his funds from said bankers, and between said 2d and 6th days of October currency depreciated in value, and said check, after defendant had so withdrawn or obtained his funds, was presented to said bankers for payment, and that payment was demanded or refused, and said check was protested for nonpayment, and that defendant was notified thereof within a reasonable time and that he would be looked to for payment, then plaintiffs are entitled to recover the amount of said check, less the amount of depreciation of currency which may have taken place between said 2d and 6th days of October, with interest thereon at six per cent. from the commencement of this suit. 4. If the jury believe that defendant drew the check sued upon, and before it was presented the defendant withdrew or obtained from the bankers the whole amount of his funds applicable to the payment thereof, and that plaintiffs were holders of the check for value, and after said funds were withdrawn or obtained from said bankers, and within a reasonable time, the plaintiffs caused said check to be presented at the bankers for payment, and that payment was demanded and refused, and that the check was thereupon protested for nonpayment, and that defendant was notified of these facts and that he was looked to for payment thereof, then the plaintiffs are entitled to recover the whole amount of the check, with six per cent. interest thereon from the commencement of this suit, unless you believe that the defendant sustained actual prejudice or damage by reason of the delay in presenting the check."

Various instructions asked by the defendant were refused. The jury found for plaintiffs.

*F. C. Sharp*, for appellant.

I. A check is in legal effect an inland bill of exchange. The parties thereto have the same rights and are subject to the same liabilities as in case of inland bills. (Byles on Bills, 73; 8 Mo. 382.) The check must be presented with due diligence.

A failure to do so, and to notify the drawer in case of dishonor, releases him. (28 Mo. 162.) The check must, at the farthest, be presented the day after it is drawn, if parties live in the same city. (Byles on Bills, 79, 81; Chitty on Bills, 384; Sto. on Prom. Notes, § 493; 8 Mo. 382.) The suspension of the drawees will not excuse the failure to present. (Chitty on Bills, 383; Byles, 267; 5 Taunt. 30.) The presentment in this case could have been made. The drawer did sustain loss. The subsequent withdrawal of a part or all the drawer's effects will not render him liable. (28 Mo. 162.) The court erred in excluding the testimony offered to prove still further loss. The instructions given by the court of its own motion were erroneous. The instruction declaring that if the jury find certain facts, then the defendant would be released only *pro tanto*, is erroneous.

*Hitchcock*, for respondents.

I. Mere delay to present a check not causing actual loss to the drawer, is no defence to a suit on such check against the drawer by a holder for value, after demand, protest and notice before suit. If there be any loss to the drawer by reason of such delay, it diminishes the drawer's liability only *pro tanto*. (3 Kent, Com. 88; 4 id. 549; 6 Cow. 490; 3 Johns. Cas. 5; id. 259; 2 Hill, 425; Story on Prom. Notes, § 497; Byles on Bills, 78; 1 Kelly, 304; 2 Story, 502; 5 Sand. 326; 2 Duer, 584; 4 Seld. 590.) This check was for currency; (Farwell v. Kennett, 7 Mo. 595;) not a bill of exchange. The forty-fourth section of the act concerning banks, &c., can not be invoked by defendant. Either the check is a currency check, and then no bill; or it is a specie check, and then no damage.

NAPTON, Judge, delivered the opinion of the court.

This was a suit by Morrison and Lackland upon a check, payable in currency, drawn by the defendant upon E. W. Clark & Brothers, bankers in St. Louis, in favor of Bohn & Co., and endorsed to plaintiffs. The check was dated and

delivered to Bohn & Co. on the 2d of October, 1857, and transferred by endorsement to the plaintiffs on the same day. It was not presented to the drawees until the 29th of January, 1858, when payment was refused, and it was duly protested and notice given to the defendant. It appears that about three o'clock of the 3d of October, the house of Clark & Brothers was closed or stopped payment; but on the 6th of October, 1857, the defendant, who had previously commenced suits by attachment, compromised these suits, settled with Clark & Bros. and withdrew his deposits. The question in the case was whether the plaintiffs were entitled to recover, notwithstanding their failure to present the check on the day after it was endorsed to them, upon showing that the drawer sustained no injury by the delay, and that before suit brought, and within a reasonable time, demand, protest and notice were duly given.

The law on this subject is stated in Kent's Commentaries, as follows: " The drawer of a check is not a surety, but the principal debtor, as much as the maker of a promissory note. The check is the acknowledgment of a certain sum due. It is an absolute appropriation of so much money in the hands of his banker to the holder of the check, and there it ought to remain till called for; and unless the drawer actually suffers by the delay, as by the intermediate failure of his banker, he has no reason to complain of delay not unreasonably protracted. If the holder does so unreasonably delay, he assumes the risk of the drawee's failure, and he may, under circumstances, be deemed to have made the check his own to the discharge of the drawer. But this is quite distinct from the strict rule of diligence applicable to a surety, in which light stands the endorser, who has a right to require diligence on the part of the holder to relieve him from responsibility." (4 Kent. 549.)

This view of the law is adopted by Judge Story in the chapter, in his work on promissory notes, devoted to the subject of checks. His language is that " the drawer (of a check) will at all times be liable to pay the same, if the

holder can show that the drawer has sustained and can sustain no loss or damage from the omission to demand payment, at an earlier date, of the bank or banker on whom the check is drawn." " In case of a check," says Judge Story, " the drawer is treated as in some sort the principal debtor, and he is not discharged by any laches of the holder in not making due presentment thereof, or in not giving him notice of the dishonor, unless he has suffered some loss or injury thereby, and then only *pro tanto*." (Story on Prom. Notes, 492.)

The same doctrine is maintained in the most recent decisions of the highest courts of New York. (Little v. Phœnix Bank, 2 Hill, 425.) The opinion of Judge Cowen, in Hawkes v. Anderson, 21 Wend. 372, has not been sustained. In a word, this opinion appears to prevail generally both in England and in the United States, where the question has arisen. (Alexander v. Burchfield, 3 Scott, N. R. 558 ; Robinson v. Hawkeford, 9 Q. B. 52 ; Byles on Bills, 14, and note 2.)

The justice and policy of the rule are sufficiently obvious, and are forcibly alluded to and illustrated by Judge Story, in his opinion in the matter of Brown. (2 Story R. 516.) " If the drawee, upon the presentment, refuses to pay the clerk because he has no funds, then the drawer is not injured ; and if he has funds, and refuses to pay, then, if the bank is still in good credit, as the drawer has sustained and can sustain no loss, there is every reason to hold him liable therefor. Every check is *prima facie* presumed to be given for value received by the drawer ; and if, by reason of the want of due presentment or want of due notice of the dishonor, he is to be totally exonerated, he pockets both the original consideration and his funds in the hands of the bank or banker. In such a case, can it be said, with truth or justice, that he is to be enriched at the expense of the holder of the check ? or that he shall not be deemed to hold the money as money had and received for the use of the holder, either because he had no funds in the bank or because he still retains those funds appropriated to the use of another for his own use ?"

The argument seems to be conclusive ; whether it is not

just as applicable to bills of exchange is another question not necessary to be considered. (See Edwards on Bills, p. 396.)

In the case of St. John v. Homans, 8 Mo. 382, decided by this court in 1844, the judgment turned upon the fact of a loss to the drawer of the check. An opinion was expressed that the weight of authority recognized no distinction between the degree of diligence required in checks and bills of exchange in determining the responsibility of the drawer. However that may have been at that time, the current of authority now is, as we have seen, decidedly the other way.

The forty-fourth section of the first article of the act concerning banks and banking institutions, passed in 1857, declares : " That all drafts, notes, money orders, bills of exchange and checks drawn by individuals, companies, private firms, brokers, bankers, banking-houses, on banks or brokers, banks or incorporated companies, payable in currency, are hereby made payable in silver and gold, or the notes of specie-paying banks of the state of Missouri ; and all such paper drawn by any bank, broker or incorporated company on any individual, company, private firm, or incorporated company, shall be payable in like manner."

By this provision it is clear that the check upon E. W. Clark & Bros. was payable in specie. The inquiry, at the trial, concerning the depreciation of currency from the first to the sixth of October, was therefore irrelevant. It is of no consequence whether the instructions on this subject were correct or not, since it is plain that the defendant was not prejudiced by them. It was of no importance to the defendant whether currency depreciated or not during the period intervening between the date of the check and his withdrawal of his funds from the house of Clark & Brothers, since the check, although expressed to be payable in currency, was by law payable only in specie or in the notes of specie-paying banks of this state.

The other judges concurring, the judgment is affirmed.