40  333
73  449

D. R. GRAHAM, Executor of LEWELLEN, Respondent,
v. J. C. MORSTADT, Appellant.

### St. Louis Court of Appeals, April 1, 1890.

1. **Bank Checks**: LACHES IN PRESENTATION. The drawer of a check is
   not discharged by the laches of the holder in presenting it for
   payment, unless he is injured by such laches ; and, if injured by
   such laches, he is released from liability only to the extent of such
   injury.

2. **Practice, Trial**: OMISSION TO FILE INSTRUMENT SUED ON. On the
   failure of the plaintiff to file an instrument of writing sued on, the
   defendant may move for the dismissal of the cause, but such fail-
   ure is not ground for the exclusion of the writing, when offered in
   evidence at the trial.

*Appeal from the Montgomery Circuit Court.*—HON.
E. M. HUGHES, Judge.

AFFIRMED.

*Emil Rosenberger*, for the appellant.

*Thomas J. Powell* and *Thomas R. Harris*, for the
respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The settlement of the real controversy in this action
depends on very simple propositions of law, there being
no substantial controversy about the facts, which are as
follows : The defendant, being indebted to the plaintiff
upon a promissory note in the sum of ninety-five dollars
and fifty-five cents, gave to him, on July 17, 1887, his
check for that amount on the Fifth National Bank in
St. Louis, where the defendant kept an account. The
plaintiff had confidence in the defendant, and in the
bank, and took the check in payment of the note, sur-
rendering the note. The bank, at that date, was solvent,
and so continued until November, 1887, when it failed ;

and, if the check had been presented within a reasonable time, it would have been paid, regardless of the state of the defendant's balance in the bank. The check was not presented for payment until February, 1888, the bank being then closed and in the hands of a receiver, under the national banking act; it was then dishonored, and the defendant notified of its dishonor. *At the date of the failure of the bank the defendant had ten cents to his credit in the bank.* The defendant did not know of the presentation of the check within a reasonable time, and first learned of it in February, 1888, when the plaintiff presented it to him, demanded payment, and, payment being refused, instituted the present action.

The plaintiff's petition contained two counts, one upon the original note, and the other upon the check. The first count may be laid out of view, because it states no cause of action. It admits that the check was taken in payment of the note, and the note surrendered; hence the plaintiff's action, if any, was upon the check. The defendant answered, setting up the facts of the non-presentment of the check until February, 1888, after the bank had failed, and claiming that he was damaged thereby in the sum of two hundred dollars, and praying judgment. The cause was tried by the court without a jury, and judgment rendered in favor of the plaintiff for one hundred and one dollars and ninety-five cents, which amount, as a computation thereof shows, is equal to the face of the check with interest thereon from the date of the institution of the suit at the rate of six per centum per annum.

The errors assigned are that the court excluded proper evidence offered by the defendant, and erred in its declarations of law

The evidence offered by the defendant, and excluded by the court, was evidence tending to show that, if the plaintiff had made timely presentation of the check, the defendant would have sold one or more of his shares

in the Fifth National Bank, then of the value of one hundred dollars or more, to make good any overdraft at the bank, which might have been created by the payment of the check, but that, owing to such non-presentation, he failed to sell the shares, still holds them, and, they having become wholly worthless, he is subject as their holder to suit by the receiver under the national banking act to make up delinquencies of the bank to its depositors. The court excluded evidence of such damage, as too remote and purely speculative, and this ruling was clearly correct.

As there is no controversy of facts, instructions or declarations of law had no office to perform, and hence we need not examine declarations given or refused. It being admitted that the check was given for value, the defendant was a principal promisor and was not discharged by any laches of the holder in not making due presentment thereof, unless he had suffered loss and injury in consequence, and then only *pro tanto*. *Morrison v. McCartney*, 30 Mo. 183, overruling *St. John v. Homans*, 8 Mo. 382. Here it is shown that the defendant drawer of the check had ten cents to his credit in the bank when it failed ; to that extent he was entitled to credit. On the other hand the judgment of the court was only for the amount of the check with interest from the date of the institution of the suit, whereas plaintiff, under the conceded facts, was entitled to interest from the date of demand in February, 1888, and the interest between date of demand and date of the institution of the suit was for more than ten cents ; hence the defendant has no reason to complain even on that score.

The check was not filed with the petition, but was produced upon the trial. When offered in evidence, it was objected to on the ground that it had not been filed. The statute requires that, when a suit is brought upon an instrument of writing, executed by the adverse party, and not lost or destroyed, it must be filed with

the petition. The defendant might have availed himself of this omission by motion to dismiss, even after answer filed (*Rothwell v. Morgan,* 37 Mo. 107), or might have compelled the filing of the check, when produced upon the trial, but he could not take advantage of the omission by objecting to the check as evidence, as it was clearly competent evidence.

There is no error in the record, and, with the concurrence of all the judges, the judgment is affirmed.