AMERICAN EXCHANGE NATIONAL BANK OF LINCOLN, NEBRASKA, Respondent, v. METROPOLITAN NATIONAL BANK OF KANSAS CITY, MISSOURI, Appellant.

### Kansas City Court of Appeals, May 31, 1897.

1. **Banks and Banking**: COLLECTION: AGENCY: LIABILITY. If a bank receive a paper for collection on a party at a distant place the agent it employs at the place of payment is the agent of the owner and not of the bank; and, if the bank selects a competent and reliable agent and gives proper instructions its responsibility ceases.

2. ———: ———: ———: NEGLIGENCE: CUSTOM: TIME OF PRESENTATION. If a bank receiving paper for collection payable at a distant place sends it by mail to the payor for collection, it is guilty of negligence, and this, too; (1) though the payor is the only bank in the place, (2) and though it is customary thus to send paper for collection, since the custom is unreasonable, (3) and though the bank payor failed within the time the forwarding bank had under the law to forward the paper, as the forwarding bank did in fact forward it in a shorter time.

3. DIFFERENT CONDUCT: LOSS. The supposition that if the collecting bank had sent the paper to some third party that such party would also have taken the payor's draft in payment will not excuse the collecting bank, since it can not escape the consequences of its negligence on the possibility of a like demand following a different line of action on its part.

*Appeal from the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

*Shannon C. Douglass* for appellant.

(1) The law is well settled that, where a bank in this state receives for collection a check or draft, pay-

able in another state, and uses due diligence in forwarding it to a proper correspondent at the place where the paper is made payable, with proper instructions for collection, its responsibility is at an end, and, in case of default by its correspondent, it can not be held liable to the owner, unless by some after act it makes itself responsible. *Daly v. Bank*, 56 Mo. 94, and authorities therein cited; *Indig v. Bank*, 80 N. Y. 101, and cases therein mentioned; *Bank and Trust Co. v. Newland*, 31 S. W. Rep. 38; *Anderson v. Bank*, 59 Ill. App. 581; *Milling Co. v. Kuenster*, 41 N. E. Rep. (Ill. Sup.) 906; *Bank v. Sprague*, 51 N. W. Rep. (Nebraska) 846. (2) It is the universal custom and habit for bankers, in receiving collections on a distant place, to forward the same to a bank or agency at the place of payment, and the holder of such paper is presumed to turn it over to the bank with reference to such usage, unless he otherwise instructs. *Daly v. Bank, supra,* p. 96; *Indig v. Bank, supra; Bank v. Newland, supra; Milling Co. v. Kuenster, supra.* (3) In the case at bar, the Metropolitan National Bank, in sending the check on the bank of Burr Oak directly to that bank by mail, did not thereby constitute the latter its agent to receive payment, but simply presented the check through the mail for payment, the sufficiency of which presentment is sustained by the weight of authority; and, in so presenting the check by mail, no relation was created between defendant and the drawee bank different from what would have existed, in case the check had been sent through any other agency. *Bank v. Latimer*, 64 Mo. App. 328; *Indig v. Bank, supra,* p. 101, and English cases therein cited; Tiedeman on Commercial Paper, sec. 444; *Bank & Trust Co. v. Newland, supra.* (4) The better authority is that, where paper is transmitted for collection from a distant place, where the laws and customs are different, the collect-

ing bank, in the absence of express directions from the transmitting bank, "shall perform the various acts, which are embraced in the business of collection, in every respect according to the method it is wont to pursue, in accordance with the local law, rules and regulations," and such understanding is assumed to be mutual and to enter into the contract of the parties. Morse on Banking, secs. 220, 221. (5) The loss to the plaintiff in this case was brought about through the failure of the bank of Burr Oak occurring after the presentment of the check in dispute and before the presentment for payment of the bank check given in payment therefor on the Saxton National Bank of St. Joseph, Missouri, and the consequent nonpayment of said last named check, and such loss was not on account of the mode of presentment, adopted by defendant in sending the check by mail to the drawee bank, for the latter recognized it by remitting in payment its own check or draft on the Saxton National Bank. The same result ensued as if defendant had sent the check in dispute to a third party, as subagent, for collection, for such subagent would have been authorized, under the circumstances of the case, to surrender said check to the bank of Burr Oak and receive therefor from said bank its own check or draft on said Saxton National Bank, or on any other bank at any commercial or banking center, in which the bank of Burr Oak had money on deposit, and convenient to the bank, at which the proceeds would be payable. The transmission of funds by purchasing a draft, under such circumstances, is the usual way and proper method, rather than collecting the cash and sending by express. *Indig v. Bank, supra; Bank and Trust Co. v. Newland, supra.* (6) It would appear to be a logical conclusion, from the foregoing, that, though we admit for this purpose that the mode of presentment by defendant was improper,

yet the plaintiff has suffered no damage thereby, for it is "a good excuse that the misconduct of the agent has been followed by no loss or damage, whatsoever, to the principal, for then the rule applies that although it is wrong, it is without damage." Story on Agency, sec. 236; *Bank v. Newland, supra; Indig v. Bank, supra.*

*Warner, Dean, Gibson & McLeod* for respondent.

(1) A bank receiving checks or drafts drawn upon or payable at a bank situated in another place is bound to send them to a suitable agent for collection, and the bank upon which such drafts or checks are drawn, or at which they are payable, is not a suitable agent for such collection; and if such drafts or checks are sent directly to the bank upon which they are drawn or at which they are payable, this is negligence in the sending bank, for which it is liable. Daniel on Negotiable Instruments, sec. 328a; *Anderson v. Rodgers*, 53 Kan. 542; *Bank v. Goodman*, 109 Pa. St. 423; *Bank v. Burns,* 12 Col. 539; *Bank v. Packing Co.*, 117 Ill. 100; *Bank v. Ashworth*, 123 Pa. St. 212; *Wagner v. Crook*, 167 Pa. St. 259; *Bank v. Bank*, 56 Fed. Rep. 967; *Whitney v. Esson*, 99 Mass. 308; Morse on Banking [3 Ed.], 236. (2) "It is safe to say as a general rule that when a bank receives a check from one of its depositors for collection it must return him the check or the money. It is also equally clear that if the collecting bank surrenders the check to the bank upon which it is drawn, and accepts a cashier's check or other obligation in lieu thereof, its liability to its depositor is fixed as much so as if it had received the cash. It has no right, unless specially authorized to do so, to accept anything in lieu of money." *Bank v. Ashworth*, 123 Pa. St. 212; *Bank v. Trust Co.*, 36 N. E. Rep. (Ill.) 1029; *Matthews v. Hamilton*, 23 Ill. 470; *Ward v. Smith*, 7 Wall. 447;

*Howard v. Chapman*, 4 Car. and P. 508; Story on Promissory Notes [7 Ed.], 115-389, and notes; *Graydon v. Patterson*, 13 Iowa, 258; *McCulloch v. McKee*, 16 Pa. St. 289; *Ward v. Smith*, 7 Wall. 447, 452; *Levi v. Bank*, 7 Central Law Journal, 249, 250; Tiedeman on Commercial Paper, sec. 456; Chitty on Bills [13 Am. Ed.], 415; *Turner v. Bank*, 3 Keyes, 425; *Rothbun v. Steamboat Co.*, 76 N. Y. 376; *Smith v. Miller*, 43 N. Y. 171; 52 N. Y. 546; *Whitney v. Esson*, 99 Mass. 310.   (3)   When the facts are undisputed, the question of what amounts to due diligence in making a demand or giving notice of dishonor is a question of law for the court.   *Dyas v. Hanson*, 14 Mo. App. 363, 369; *Martin v. Grabinsky*, 38 Mo. App. 359, 366; *Selz v. Collins*, 55 Mo. App. 55, 62, and cases cited; *Price v. Merritt*, 55 Mo. App. 640, 644; *Gage v. Averill*, 57 Mo. App. 118; *Weber v. Ins. Co.*, 35 Mo. App. 521.

ELLISON, J.—Plaintiff and defendant are national banks, plaintiff doing business at Lincoln, Nebraska, and defendant at Kansas City, Missouri.   On June 5, 1893, one M. Aach, who was doing business at Burr Oak, Kansas, for one M. Weil, drew a check in favor of Weil on the bank of Burr Oak for $700, and mailed it to Weil at Lincoln, Nebraska.   At this time, and during the period covered by the controversy, Weil had more than the amount of the check to his credit with the bank of Burr Oak.   Weil received the check at Lincoln and deposited it with the plaintiff on June 7, and it was placed to Weil's credit; and on the same day plaintiff mailed the check to defendant at Kansas City indorsed, "For collection account of American Ex. Nat'l Bank, Lincoln, Neb., S. H. Burnham, Cashier."   Defendant received the remittance on the next day, June 8, and placed the same to the plaintiff's credit on the current account between the two banks,

and on the same day defendant sent it by mail directly to the bank of Burr Oak, stating that it was sent for collection and return. It was received by the bank of Burr Oak on the next day, June 9, shortly after noon and was stamped, paid, and charged to M. Weil's account. On the next day, June 10, the bank of Burr Oak mailed its check on the Saxton National Bank of St. Joseph for the amount of the check it received from defendant to pay the same, and it was received by defendant on the twelfth. It was sent by defendant to the Saxton National Bank at St. Joseph and payment was refused and returned to defendant unpaid on June 15. The bank of Burr Oak continued to do business in the regular manner throughout the ninth and tenth of June. The eleventh of June was Sunday and on Monday the twelfth it failed to open for business, and on the fifteenth it was placed in the hands of a receiver.

It will be observed that plaintiff placed in the hands of defendant a check on the bank of Burr Oak for collection and that defendant sent it to the bank of Burr Oak for collection and remittance. That the latter bank received the check on the ninth of June and, on the same day, sent in payment of it, its own check on the bank at St. Joseph which was never paid. It will be further observed that the bank of Burr Oak on the day it received the check from defendant and the whole of the next day was a going concern, doing business in the regular manner. It was held in *Daly v. Bank*, 56 Mo. 94, that where a bank receives a check, note, or draft for collection, on a party at a distant place, the agent it employs to collect the check at the place of payment is the agent of the owner of the check or draft and not the agent of the bank who received it of the owner and forwarded it. And that if the bank receiving the check for collection uses due diligence

BANKS and banking: collection: agency: liability.

and transmits the paper to a *proper, reliable, and competent* agent or correspondent for collection, with *proper instructions* for the collection of the same, its responsibility is at an end.

The question, therefore, is, did defendant, as plaintiff's agent for the collection of the check, discharge its duty to plaintiff properly in sending the check direct to the bank which owed it. In other words, was the debtor such proper, competent, and reliable agent? We answer in the negative. It was negligence to place a collection, which as a matter of business required prompt attention, in the hands of the debtor to collect from himself. The evidence here discloses the impropriety of the transaction. The defendant sent the check to Burr Oak, where it arrived on the ninth. If it had sent it to someone other than the debtor it would undoubtedly have been paid, since the bank continued to do business and meet its obligations on the ninth. and tenth. In 1 Morse on Banks, section 236, it is said that: "The debtor can not be the disinterested agent of the creditor to collect the debt, and it can not be considered reasonable care to select an agent known to be interested against the principal, to put the latter into the hands of his natural adversary; surely it is not due care in one holding a promissory note for collection to send it to the debtor, trusting him to pay, delay, or destroy the evidence of debt, as his conscience may permit." We are not cited to a case in the supreme court of this state where the question has arisen, but it has been before the courts in other states and decided in support of the position we here take and of the foregoing quotation. *Anderson v. Rodgers*, 53 Kan. 542; *Bank v. Goodman*, 109 Pa. St. 423; *Bank v. Burns*, 12 Colo. 539; *Bank v. Anglo-Am. Packing Co.*, 117 Ill. 100; *Bank v. Ashworth*, 123 Pa. St. 212; *Wagner v. Crook*,

*negligence: custom: time of presentation.*

167 Pa. St. 259; *Bank v. Bank*, 56 Fed. Rep. 967; *Whitney v. Esson*, 99 Mass. 308. The rule has the unqualified support of 1 Daniel's Neg. Inst., sec. 328a.

There were several questions discussed in argument growing out of the main question and directly related thereto. It was said that there was but the one bank at Burr Oak and that was this defendant's correspondent there. To this we answer that there are others than banks who may be intrusted with collections. Indeed, the plaintiff seems to have taken the trouble to prove in this case that there were others in that town engaged in the collecting business.

Again, it was said to be customary for banks to transmit collections to their correspondent even though such correspondent was the debtor. To this we answer that it is not a reasonable custom and therefore must fail of recognition by the courts. We concede it may be and perhaps is, in many instances, the most convenient mode for the bank intrusted with the collection. But if the bank adopts that mode it takes upon itself the risk of the consequences.

Again, it was said that the defendant bank could have delayed sending the check to Burr Oak without negligence until the next day after it did send it. That if it had done so there would have been the loss. But the fact is the defendant bank did not delay sending it. It sent the check with due diligence and in time to have been collected if it had been sent to someone other than the debtor. The fact that defendant might have delayed sending the check without negligence and that the loss would then have occurred can not alter the facts which defendant actually caused to transpire. In order to exonerate the defendant it should have appeared that if at the time it did send the check it had been sent to a third party the result would

have been the same. *Bank v. Bank* (S. C. Texas, 1896).

The principal case relied on by defendant is that of *Indig v. Nat'l Bank*, 80 N. Y. 101. It is not clear what was decided by the majority of the judges taking part in that case. The court was composed of seven judges, three of whom dissented *in toto* and the fourth concurred "on question of damages," leaving, apparently, a minority of the court agreeing to the proposition which defendant cites in support of his contention here. But however that is, the case is not in point. The case there was concerning a promissory note payable at the bank to which it was sent for collection. It is true, the case is reasoned by that portion of the court concurring in the opinion, much as though it involved a check on the bank. We have, however, been cited to the later case of *Bank v. Bank*, 128 N. Y. 26, where the force of the *Indig* case is much weakened by being termed a "border case" and denied application beyond the limit of the facts by which it was governed.

But it was argued that granting the misconduct of the defendant bank in sending the check direct to the debtor, yet it is a good excuse that defendant's misconduct worked no injury or damage to plaintiff. This suggestion is based on the idea that if the check had been sent to some third party, he would have been justified in taking the draft of the Burr Oak bank in payment. Granting this for the sake of the argument (but not conceding it) we are at a loss to know why it should be said that a third party would have taken the draft or check of the Burr Oak bank. There are other methods and means of making remittances and it is the merest conjecture to say that a third party would have taken the bank's check. In sending the check to the debtor bank, defendant, as we have seen, failed of its duty and can not

be allowed to escape the consequences on a mere possibility of a like damage following if a different mode had been pursued.

The judgment is affirmed.    All concur.