LONG BROS., Respondents, v. HERMAN ECKERT, Appellant.

Kansas City Court of Appeals, January 24, 1898.

1. **Banks and Banking:** CHECKS: PRESENTATION: LOSS. The drawer of a check is a principal debtor and is not discharged by *laches* of the holder in not making due presentation, etc., unless he suffers some loss, and then only to the extent of such loss.

2. ———: ———: ———: ACTION ON ACCOUNT: BURDEN OF PROOF. When the drawer is sued on account and the defense is payment by check, the burden is upon him to show the loss sustained by its nonpresentation, and this should be by facts from which the jury may infer the loss and the extent thereof.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

*A. S. Marley* for appellant.

(1) Long Brothers were clearly negligent in
time and manner of presenting check and thereby
made Eckert's check their own because the drawee
failed. *Morrison v. McCarty,* 30 Mo. 183; *Choteau v.
Rowse,* 56 Mo. 65; *Marburg v. Brinkman,* 23 Mo. App.
513; *Wear v. Lee,* 26 Mo. App. 105; *Dyas v. Hanson,*
14 Mo. App. 363; *Shoe Co. v. Crosswhite,* 51 Mo. App.
60; *Cork v. Bacon,* 45 Wis. 192; *Bull v. Kasson,* 123
U. S. 105; *Cruger v. Armstrong,* 3 Johns. 5; *Foster v.
Paulk,* 41 Me. 428; *Murray v. Judah,* 6 Cowan, 490;
*In re Brown,* 2 Story, 517; *Daniels v. Kyle,* 1 Ga. 306;
*Robinson v. Hawesford,* 9 Q. B. 52; *Cromwell v. Levett,*
1 Hall, 68; *Stewart v. Smith,* 17 Ohio St. 82; *Hoyt v.
Seeley,* 18 Conn. 360; *Gough v. Staats,* 13 Wend. 549;
*Bank v. Spicer,* 6 Wend. 445; *Cox v. Boone,* 8 W. Va.
500; *Purcell v. Allemong,* 22 Gratt. 739; *Farwell v.
Curtis,* 7 Bissell, 160; Van Schaak, Law of Bank
Checks, pp. 36, 37; Daniel on Neg. Inst., sec. 1590;
*Pack v. Thomas,* 13 Smedes & M. 20; *Case v. Morris,*
31 Pa. St. 103. (2) Again, assuming due presenta-
tion, the failure to notify Eckert of non-payment
before close of banking hours of November 30, 1896,
would discharge him. For if money does not come
back by return mail notice of dishonor should be given.
Daniel on Neg. Inst., secs. 1586, 1599; Van Schaak
in Law of Bank Checks, pp. 43, 45; *Clark v. Bank,* 2
McArthur, 249; *Bailey v. Bodenheimer,* 16 C. B. (N. S.)
294; *Heywood v. Pickering,* 9 L. R. Q. B. 428; *Prideaux
v. Briddle,* 4 L. R. Q. B. 455; *Shipsey v. Bank,* 59

N. Y. 485; *Dolph v. Rice*, 18 Wis. 398. (3) The failure of drawee bank after the check is drawn and before presentation will relieve the maker in case the payee did not present such check for payment in a reasonable time after he receives it. Van Schaak on Bank Checks, p. 37; Story on Notes, sec. 492; *Cox v. Boone*, 8 W. Va. 500; *Purcell v. Allemong*, 22 Gratt. 739; *Farewell v. Curtis*, 7 Bissell, 160.

*R. G. Kinkead* and *R. B. Garnett* for respondent.

Granted, for the sake of argument, that there was negligence in presenting the check and in giving notice of dishonor, this does not relieve defendant from liability of the debt sued upon unless he can prove absolutely that he has suffered loss thereby. And he is relieved then only to the extent of the actual loss he has suffered. His unsupported and indefinite statement that he will suffer loss does not preclude the probability of his realizing from the assets of the bank all of his deposit (and it is a reasonable presumption that he filed his claim with the assignee for the full amount thereof, that is, $138.49), or at least a large per cent of it. "It is not sufficient to show a probability of injury—it must be proved." Daniels, Neg. Inst., sec. 1588, and cases cited; *Wear v. Lee*, 26 Mo. App. 106; 2 Parsons, N. & B. 73, 74, note 1; Story on Bills, sec. 471; Byles on Bills, p. 20, note 2; *St. Johns v. Homans*, 8 Mo. 382; *Morrison v. McCartney*, 30 Mo. 183; *Graham v. Morstadt*, 40 Mo. App. 333; 51 Mo. App. 60; 13 Mo. App. 205; 26 Mo. App. 72; 37 Mo. App. 478; 56 Mo. 67; 43 Mo. 212. The burden of proving loss, where suit is upon the original debt, is upon defendant. Daniels, Neg. Inst., sec. 1588; *Smith v. Jones*, 20 Wend. 192.

Long Bros. v. Eckert.

GILL, J.—This case was tried below on an agreed statement of facts of about the following effect: That on Thursday, November 26, 1896, plaintiffs, wholesale grocers at Kansas City, sold and delivered a small bill of merchandise to the defendant, who was then a retail merchant at Westport. For the amount of the bill defendant gave his check on a Westport bank where he had at the time and subsequently more than sufficient money to pay the same. This check was received by plaintiffs' agent at the defendant's store in Westport; but as it was Thanksgiving day (a legal holiday), the check was not presented at the bank, but on the succeeding day, Friday, the twenty-seventh, was deposited by the plaintiffs with the Union Avenue Bank of Commerce at Kansas City, who on the same day turned the check over to the National Bank of Commerce, and the latter in turn, on the evening of said November 27, mailed the same to the Westport bank with a request that it remit the amount called for.

Drawee, Bank of Westport, received the check from the National Bank of Commerce some time during Saturday, November 28, but failed to pay or account therefor in any way. Said Bank of Westport continued in business all of said time until Tuesday morning, December 1, when it failed to open its doors, having made an assignment at 10 o'clock the night preceding. The National Bank of Commerce, hearing nothing from the check, sent a tracer after it on Monday, November 30, and in return by mail of December 2 got the check back unpaid from the assignee. The National Bank of Commerce at once returned the dishonored check to plaintiffs, who on the day following demanded payment from defendant. This being re-

fused, this suit was brought on the original account, resulting in a judgment below in plaintiffs' favor and defendant appealed.

Defendant seeks to defeat this suit on the ground that plaintiffs negligently failed to present the check to the drawee bank within a reasonable time and to give defendant timely notice of its dishonor; and that by reason thereof plaintiffs had made the check its own, and the same should stand as a payment of the account sued on.

Conceding that plaintiffs were negligent; that the check was not timely presented to the drawee for payment, and that proper notice of dishonor was not given, and yet the agreed facts fail to make out a legal defense to this action.

BANKS and banking: checks: presentation: loss.

The law in such cases is thus expressed by a late author: "In case of a check the drawer is treated as the principal debtor, and he is not discharged by any *laches* of the holder in not making due presentment thereof, or in not giving him notice of dishonor, *unless he has suffered some loss or injury thereby*, and *then only to the extent of such loss or injury.*" Van Schaak on Bank Checks, 35. See, also, 2 Morse on Banking [3 Ed.], sec. 421; Tiedeman on Com. Paper, sec. 442; Story on Prom. Notes [7 Ed.], sec. 492; *Morrison v. McCartney*, 30 Mo. 183; *Wear v. Lee*, 26 Mo. App., loc. cit. 105, 106; *Graham v. Morstadt*, 40 Mo. App. 335. In a suit upon the original debt the burden rests on the defendant to prove that by the *laches* of the plaintiff loss and injury accrued to the maker. It is an element in the defense of payment the proof of which rests on defendant. 2 Dan'l, Neg. Inst. [4 Ed.], sec. 1588; *R. R. v. Collins*, 3 Lans. (N. Y.) 29, 33; *Wear v. Lee, supra*.

In the agreed case there is nothing whatever to show that defendant suffered any loss by the plaintiffs' failure to present the check in time or to give notice of its dishonor. The only semblance of evidence in that direction is, quoting from the agreed statement of the case: "that the following shall be admitted as testified to by Eckert, to wit, 'that said Eckert would suffer loss if he is compelled to pay to Long Brothers the sum sued for in this case.'" This is a mere statement of a conclusion, and not facts from which the court would be justified in finding that defendant had suffered damage. It was the duty of the witness to detail the facts and let the court or jury trying the case determine whether or not there was loss or injury. As already said the court or jury must from the evidence determine whether there was actual damage and the *extent* thereof, for it is only the extent of actual loss that is to be charged to the plaintiff.

*action on account: burden of proof.*

There is nothing in this record to show the condition of the estate of the Westport bank, whether the creditors did or would receive all or only a portion of their claims. For aught that here appears the defendant may have realized the full claim for his deposit, and if so then it would be clearly wrong that he should force plaintiffs to compensate him for a loss never in fact suffered.

It follows, then, that the judgment must be affirmed and it is so ordered. All concur.