**HERIDER & HERIDER,** Appellants, v. **PHOENIX** | 82 427 | f82 405 | **LOAN ASSOCIATION,** Respondent.

**Kansas City Court of Appeals, January 8, 1900.**

1. **Banks and Banking: COLLECTION: CHECK: PRESENTATION: NEGLIGENCE.** P. received a check drawn by the bank at S. On the same day in the usual course of business he deposited it with his bank at J. for collection. This bank on the same day in the usual course sent it to the bank at K., which received it on the next day and on the same day, but not in the usual course, forwarded it to the bank at M. twelve miles from S. This bank received it on the next day, Saturday, and mailed it back to the bank at K. where it was received on Monday and on the same day sent to S. But the bank at S. had closed on Saturday. Held, the bank at K. was negligent in first sending it to M. when the usual course had been to send direct to S., which it would reach nearly as soon as it would M. And the fact that the bank at K.'s correspondent at S. was suspected of being insolvent, and was in fact insolvent, and closed on the same day as the drawee bank, will not excuse the bank at K.

2. ———: ———: ———: **NEGLIGENCE: DEFENSE.** It is no defense to the above state of facts that each of the banks could under the law have retained the check until the next day, since the negligence consisted in sending it to the wrong place; and to excuse the negligence it must be shown that a person of ordinary prudence at S. after receiving the check on Saturday would not have presented it until the following Monday.

3. ———: ———: ———: ———. An agent receiving a check on a local bank for collection may delay the presentation until the next day; yet if he knows of the failing condition of the drawee bank he should proceed to present it at once and not wait until the time the law ordinarily allows.

4. ———: ———: ———: ———. Lack of diligence alone in collecting a check is not sufficient to fasten liability upon the agent, but such failure must be the cause of the injury.

5. ———: **CHECKS: DISCHARGE OF DRAWER.** Before the drawer of a check may be discharged from liability there must be an actual injury resulting from the neglect of the payee or his agent, and the payee has the right in the collection of the check to proceed in the customary way to collect the same.

6. ———: ———: RETURN OF: PRACTICE. Where the drawee is insolvent and the check worthless, it is not necessary to return it to the drawer; and its retention indicates no intention of appropriation.

Appeal from the Saline Circuit Court.—*Hon. Richard Field*, Judge.

REVERSED AND REMANDED.

*S. B. Burks* and *Leslie Orear* for appellants.

(1) A check is designed for immediate payment. St. John v. Homans, 8 Mo. 382. The law does not permit any extension of the risk of the drawer by a series of transfers. Tiedeman on Com. Paper, sec. 443. It was the duty of the St. Joseph bank to send the paper to the place where the drawee bank was located for presentment. Dan. on Neg. Inst. [4 Ed.], sec. 1592; Tiedeman on Com. Paper, sec. 443; Boone on Banking, sec. 173. (2) Where the holder of a check has knowledge of the failing condition of the drawee bank, it becomes its duty to proceed at once to present such check for payment. Lagare v. Arcand, 9 Quebec Rep. 122. (3) If a bank in whose hands is placed for collection a check does not elect to use the day the law allows it to begin the process of collection, but forwards it the same day it is received, it may still be held to be negligent if it forwards the paper to the wrong party or the wrong place. Bank v. Bank, 71 Mo. App. 451. (4) The holder of a check can not recover from the drawer unless due presentment has been made to the payee bank and payment refused. Dan. on Neg. Inst. [4 Ed.], 1586; Tiedeman on Com. Paper, sec. 442; Boone on Banking, sec. 175; Am. and Eng. Ency. of Law [2 Ed.], 5-1040. In all Missouri cases presentment is contemplated as essential. St. John v. Homans, 8 Mo. 382; Morrison v. McCartney, 30 Mo. 183; Graham v. Morstadt,

40 Mo. App. 333; Moody v. Mack, 43 Mo. 210; Bldg. Ass'n
v. Zoll, 83 Mo. 94. (5) Where the holder of a check has
treated the paper as his own by long delay in making demand,
or by having the assignee of the failed bank allow a claim in
holder's favor because of such check, the drawer can not be
held. Shoe Co. v. Crosswhite, 51 Mo. App. 60.

*Huston & Brewster, O. M. Spencer* and *Ben. J. Woodson*
for respondent.

(1) It is the universal rule that the payee of a check has a
reasonable time in which to present the same for payment,
and what is a reasonable time, depends largely upon the circumstances surrounding each particular case. Such reasonable time has, however, under ordinary circumstances, been
definitely and universally fixed by the decisions. 2 Dan. on
Neg. Inst. [4 Ed.], sec. 1592; Tiedeman on Com. Paper, sec.
443'; Norton on Bills & Notes [2 Ed.], p. 391; 5 Am. and
Eng. Ency. of Law [2 Ed.], p. 1042; Bank v. Bank, 80 Md.
480. To the same effect, and equally emphatic, are the following cases: Rosenthal v. Ehrlicher, 154 Penn. 396; Knott
v. Venable, 41 Conn. 344; Loux & Son v. Fox, 171 Penn.
68; Holmes v. Roe, 62 Mich. 199; Griffin v. Kemp, 42 Ind.
172; Taylor v. Sipp, 30 N. J. L. 290; Bishop on Contracts,
sec. 1438; 62 Mich. 199. (2) If appellants were not injured
on account of respondent's failure to have the check presented
for payment on Monday, December 17, then they can not be
heard to complain. Morrison v. McCartney, 30 Mo. 187;
St. John v. Homans, 8 Mo. 382; Graham, Ex'r v. Morstadt,
40 Mo. App. 333; 80 Md. 478; 46 Ind. 176; 2 Morse, Banks
and Banking [3 Ed.], sec. 421; 5 Am. and Eng. Ency. of Law
[2 Ed.], sec. 1044, and cases there cited. (3) The case of
Shoe Co. v. Crosswhite, 51 Mo. App. 60, cited by appellants,
was reversed in 124 Mo. 34.

ELLISON, J.—The plaintiffs reside and do business at
Slater, Missouri, while defendant is a corporation doing busi-

ness at St. Joseph, Missouri. Plaintiffs were agents for defendant at Slater, and claiming the sum of $174.93 as due them, they sued defendant for that amount. The judgment in the circuit court was for defendant.

The reason defendant refused to pay plaintiffs the sum stated is that it claim plaintiffs owe it the same amount. Plaintiffs claim they paid defendant that amount by check on the Slater Savings Bank, a banking institution doing business at Slater. Defendant claims that such check was received by it and forwarded to Slater in due and customary course for collection; but that before it reached Slater the Savings Bank upon which it was drawn, closed its doors and was utterly insolvent. The whole controversy relates to the question of negligence or diligence in presenting the check for payment.

In the various dealings between the parties plaintiffs had customarily remitted to defendant by their check on their local bank. The check in question was dated December 11, 1894, and was received by defendant on December 13, and was deposited with the German American Bank at St. Joseph for collection for defendant on the same day. And on the same day the German American Bank mailed it to the Metropolitan Bank at Kansas City, Missouri, for collection. It was received by the latter bank on the fourteenth, and on the same day mailed to the bank of Wood & Huston at Marshall, Missouri, a city about twelve miles from Slater. It was received by Wood & Huston on the morning of the fifteenth and on the same day mailed back to the Metropolitan Bank at Kansas City, and the sixteenth being Sunday, was received by the latter on the seventeenth. It was then, on the seventeenth, by a later mail, sent by the Metropolitan to Slater, it does not appear to whom. It reached Slater late on the seventeenth or on the eighteenth and was on the latter date presented for payment to the assignee of the Savings Bank, that bank having closed its doors finally at the end of business hours (5 o'clock) on Saturday the fifteenth.

Defendant had customarily collected plaintiffs' checks by placing them in the German American Bank at St. Joseph, and that bank would transmit to the Metropolitan at Kansas City, and the latter would transmit to the Citizens' Stock Bank at Slater (the only other bank there) for presentment and collection. The reason the Metropolitan did not send to the Citizens' Stock Bank in this instance was that it suspicioned the solvency of that bank and it in fact did cease to do business on the same day with the Savings Bank. Slater is a town of about three thousand inhabitants and it is conceded that it had an express office doing business therein.

From the foregoing facts it is clear that the German American Bank at St. Joseph and the Metropolitan National Bank at Kansas City, each in turn, became the agents of defendant in the process of collection. Bank v. Bank, 71 Mo. App. 451; Daly v. Bank, 56 Mo. 94. If, therefore, the check was not paid through the negligence or lack of diligence of either of these banks, the loss should fall on defendant, since it was occasioned by the neglect of its agent.

It being the usual course, it was the duty of the bank at St. Joseph to promptly transmit to the bank at Kansas City which it did. It being the usual course, it was also the duty of the Metropolitan at Kansas City to diligently transmit to Slater for presentment and collection, and the decisive question in the case is whether it did fill the measure of its duty. If it did not, the loss, as just stated, is defendant's loss.

Instead of sending the check direct to Slater it sent it first to Wood & Huston at Marshall, a city twelve miles distant from that town. This, in the absence of directions to send a special messenger to Slater, involved at least one day's delay, in this case a fatal delay, for the check was received at Marshall on the morning of the fifteenth, the day the Savings Bank quit business at the close of business hours. If the check had been sent to Slater direct, it being on a railway line just beyond Marshall, it would have reached there nearly

as early as it did Marshall, and the remainder of that day would
have remained for presentment and payment. The case con-
cedes that the Metropolitan had theretofore sent checks received
from the St. Joseph bank direct to Slater. But in this in-
stance, as we have stated, its reason for not following the usual
custom was that it had a well grounded suspicion of the sol-
vency of the Citizens' Stock Bank, its correspondent at Slater.

That may have been reason enough for not sending
to that bank, but it was no excuse for not sending
to some other person or institution at that town with direc-
tions to collect. It was shown that there was an express office
there and doubtless in a town of that size more than one col-
lecting agent. We, therefore, hold that the Metropolitan Bank
was negligent in sending the check to Marshall instead of
direct to Slater.

But defendant seeks to avoid the error of the Metro-
politan Bank in sending the check to Marshall instead of
Slater by the contention that it did not result in any more
delay than the law permitted. The argument is based on the
law that the holder of a check drawn on a bank at a distant
place may place it in a bank for collection and that such bank,
if it has no correspondent in the place where the check is
payable, may on the day of receiving it or on the next day,
transmit it to a correspondent at some other place, who in turn
can wait until the next day after receiving to transmit to a
correspondent at some other place, if it have none at the place
where the check is payable, and so on, until it reaches a bank
which has a correspondent at the place of payment; provided
the route of transmission is not unreasonably circuitous.

It is contended that under this law the German Bank at
St. Joseph which received and mailed the check to the Metro-
politan on the thirteenth of December could have waited until
the fourteenth to forward it to the Metropolitan at Kansas
City. That the latter would then have received the check on
the fifteenth and could have waited until the next secular day,
which was Monday, the seventeenth, to forward to Slater,

and that the correspondent at Slater could have waited until the next day, the eighteenth, to demand payment which would have been two secular days after the bank closed its doors, too late for payment, and consequently plaintiffs were not harmed. That line of argument is tantamount to this proposition: That if there should be three banks connected with the transmission, the first and second transmitting the day of receipt and not waiting until the next day, as they might have legally done, the third could wait three days after receipt for presentation, since that would be no more time than would have elapsed had each of the other banks taken the full limit of time to act. We think that that is not a correct view. In such case it is not what might have been, but what was. In this case, conceding that the German American Bank at St. Joseph might have retained the check until the day after its receipt before sending to the Metropolitan, it did not do so, and the latter's diligence must be judged by its own action, after receipt of the check, without regard to the action of the German American at St. Joseph. Bank v. Bank (Civil App. Texas January 29, 1896), 34 S. W. Rep. 458. It received the check on the fourteenth and mailed it the same day to its correspondent at Marshall instead of sending direct to Slater as it had customarily done. If it had sent to Slater it would have been received there several hours before the payer bank quit business. It elected to transmit the check the day of its receipt but negligently sent it to an improper place. Having committed this act of negligence it will not be permitted to speculate on the possibility of its not being presented if it had been sent to the proper place. Bank v. Bank, 71 Mo. App. 458; Bank v. Bank (Civil App. Texas, January 29, 1896), *supra*. In order to exonerate the Metropolitan it should appear that if it had sent the check to Slater, instead of sending it to Marshall, it still would not have been presented in time for payment and been paid before the closing at five o'clock on the evening of the fifteenth of December. Whether a

collecting agent for the Metropolitan, as a person of ordinary prudence, would have presented it after its receipt on the fifteenth before the bank closed or waited until the following Monday is a question of fact to be determined by testimony and circumstances.

In this connection it may be of service at another trial to state that while generally an agent receiving a check on a local bank for collection may delay presenting it until the next day, yet if he knew the bank upon which it was drawn was in failing condition and likely to close business at any time, it would be his duty to proceed at once to present the check for payment, and not wait the time the law would ordinarily allow for presentation.

We have been cited to Bank v. Bank, 80 Md. 481, as giving a general support to defendant's contention. That case properly states the general law that though a bank may be guilty of negligence or lack of diligence in sending a draft for presentment and collection, yet if no injury results to the other party no liability is incurred. As if proper diligence had been used the check still would not have been paid. In stating that lack of diligence alone is not sufficient to fasten a liability, but that it must be the cause of an injury that court only stated what has been declared to be the law in this state. Morrison v. McCartney, 30 Mo. 183. But whether the Maryland court made proper application of the law declared to the facts of that case we need not inquire.

The case can be relieved of some of the questions with which, as we judge by the briefs, it was burdened at the trial.

The drawer of a check is not in many respects governed by the law applicable to the endorser of a negotiable promissory note. To discharge the drawer of a check there must be an actual injury result from the neglect of the payee or his agent. Morrison v. McCartney, 30 Mo. 183; Selby v. McCullough, 26 Mo. App. 66. So, it being shown that these

plaintiffs customarily sent checks to defendant and that it placed them in bank at St. Joseph which transmitted to bank at Kansas City which transmitted to correspondent at place of payment, defendant had a right to so treat the check in controversy. Taylor v. Sip., 30 N. J. L. 284.

In this case it is admitted that the drawee bank is under assignment and hopelessly insolvent, and the case shows the check is worthless. In such state of case it is not necessary that the check should be returned to the drawers. Nor does its not being returned indicate an intention on the part of defendant to appropriate it as payment in fact of the debt.

The judgment will be reversed and the cause remanded. All concur.