## GEO. R. NELSON, Appellant, v. JOHN KASTLE, Respondent.

### Kansas City Court of Appeals, March 7, 1904.

1. **BILLS AND NOTES: Check: Principal and Surety: Presentation.** Delay in the presentation of a check does not release the drawer since he is not a surety but the principal debtor. A check is an absolute appropriation of the money in the bank and it ought to remain there until called for.

2. ———: ———: **Delay in Presentation: Burden of Proof.** But the holder has the burden of proof to show that the drawer has not suffered loss by the failure to present.

3. ———: **Protest: Evidence: Statute.** The certificate of protest is not evidence of any collateral fact therein stated and, under the statute, only proves two facts: demand and refusal to pay. Recital of why the drawee refuses to pay is not admissible.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*Joseph S. Rust* for appellant.

(1) It is difficult to understand on what theory the court could rightly sustain the demurrer to the evidence in this case. (2) "A demurrer to the evidence admits every reasonable inference favorable to the plaintiff." Creighton v. Modern Woodmen, 90 Mo. App. 378; Butler Co. v. Bank, 143 Mo. 13.

*Daniel B. Holmes* for respondent.

(1) This action being on a check against the drawer it was necessary for the plaintiff, in order to maintain the action, to prove due presentment and notice of dishonor to the drawer, or else to prove, in lieu of due presentment and notice, that the drawer has not suffered injury by reason of the want of due presentment and notice. 5 Am. & Eng. Ency. Law (2 Ed.), 1040, 1042, 1045; 2 Daniel Neg. Inst. (4 Ed.), secs. 1586, 1588, 1590; Anderson v. Rodgers, 53 Kas. 548; Moody v. Mack, 43 Mo. 210. (2) The weight and credibility of the evidence were solely for the trial court to determine. Schroeder v. Railroad, 108 Mo. 322; Taylor v. Cayce, 97 Mo. 242; Thies v. Garbe, 88 Mo. 146; Clark v. Railway, 127 Mo. 268; Butler v. Bank, 143 Mo. 23. "The certificate of protest is not evidence of any collateral facts which may have been stated in it. Thus, if it state that the reason given by the drawee for non-acceptance was that he had no effects or funds of the drawer, it is no evidence of the want of effects or funds." 2 Daniel, Neg. Inst. (4 Ed.), sec. 966; Bank v. Hatch, 78 Mo. 22.

BROADDUS, J.—This suit was begun in a justice's court upon the following statement:

"Plaintiff for his cause of action states that on Jan. 19, 1886, defendant executed and delivered to him for

valuable consideration a check of that date for $200
drawn by defendant in favor of plaintiff on the Citi-
zens' National Bank of Kansas City, Mo., which check
is hereto attached and made a part hereof; that plain-
tiff presented said check to said bank for payment and
payment was refused; that said bank refused to pay
said check because so instructed by defendant; that at
all the times above mentioned defendant was a resident
of the state of Missouri, but that for the past ten years,
defendant has been a resident of the state of Cali-
fornia," etc.

The check referred to is as follows: "K. C., Mo.,
Jan. 19th, 1886. Cit. Nat'l Bk. Pay to Geo. R. Nelson
or order two hundred dollars. John Kastle."

The endorsement were as follows: "G. R. Nelson,
Citizens Nat'l Bank of Kansas City, for credit account
of William W. Kendall Boot & Shoe Co. C. Marshall,
Treas."

On the eighteenth of June, 1888, the check was pre-
sented to said bank and protested for non-payment, the
certificate of the notary reciting demand, refusal to pay,
and that the bank made answer that, it had "no funds."
The certificate also recites that written notice of pro-
test was made on John Kastle and G. R. Nelson by de-
livering the same to said Nelson personally, and also
by written notice to the W. W. Kendall Boot & Shoe
Co. Defendant objected to this paper, which objection
was overruled as to the protest but sustained as to the
written notice of protest.

Plaintiff introduced one J. H. Lipscomb, who tes-
tified as to the non-residence of the defendant. He was
asked also to state what he knew as to the defendant
having instructed the bank not to pay the check. He
answered at first that he knew such to be the fact. He
was then questioned as follows: "How do you know
it? That is the question we want to know about. If
you don't know it, I want it stricken out from your tes-
timony." He answered: "Well, I don't know that."

At the close of plaintiff's testimony defendant interposed a demurrer to his case which the court overruled. Defendant introduced no evidence and the cause was submitted to the court. No instructions were asked on either side. The finding and judgment were for defendant. The plaintiff contends that the finding of the court was in effect a sustaining of said demurrer to plaintiff's evidence, but the record shows that said demurrer was overruled. However, as the defendant introduced no evidence it can make little or no difference as the result in this case would practically be the same.

The rule as to delay by the holder in the presentation of a check as stated in 4 Kent 549, was adopted by the Supreme Court in Morrison v. McCartney, 30 Mo. 183. It is this: "The drawer of a check is not a surety but the principal debtor as much as the maker of a promissory note. The check is the acknowledgment of a certain sum due. It is an absolute appropriation of so much money in the hands of his banker to the holder of the check, and there it ought to remain until called for; and unless the drawer actually suffers by the delay, as by the intermediate failure of his banker, he has no reason to complain of delay not unreasonably protracted. If the holder does so unreasonably delay, he assumes the risk of the drawee's failure, and he may, under circumstances, be deemed to have made the check his own to the discharge of the drawer." Graham's Exr. v. Morstadt, 40 Mo. App. 333.

But the burden is on the holder to show that the drawer has not suffered loss from the failure to make presentment. Tiedeman on Com. Paper, section 442. There is no evidence whatever as to whether defendant was or was not injured by the delay in the presentment of said check unless it be the recitation in the notarial protest that payment was refused for want of funds.

In 2 Daniels on Neg. Inst., section 966, the rule of law as to the competency of such evidence is stated as

follows: "The certificate of protest is not evidence of any collateral facts which may have been stated in it. Thus, if it state that the reason given by the drawee for non-acceptance was that he had no effects or funds of the drawer, it is no evidence of the want of effects or funds." Section 463, Revised Statutes 1899 is as follows: "A notarial protest is evidence of a demand and refusal to pay a bill of exchange or a negotiable promissory note at the time and in the manner stated in such protest."

The statute only makes such protest evidence of two things, viz: demand and refusal to pay at the time and in the manner stated. The statute does not make a statement of a notary why payment is refused, evidence. We can find no authority to that effect. Consequently, we are without any authority to so hold. And therefore there is no evidence that defendant was not injured by the delay in presentation of the check.

As there was no evidence that defendant had removed his funds from the bank, plaintiff was not entitled to recover. The statement of Mr. Lipscomb is not to be construed as such, as he stated he had no such knowledge. Affirmed. All concur.