## WILLIAM TRUE *vs.* JAMES THOMAS.

If the maker of a check, payable instantly, has no funds at the time in the bank upon which it is drawn, it is, when unexplained, deemed a fraud; and the holder can sustain an action upon it, without presentment for payment, or notice.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

The form of action, facts in the case, and ruling in the Court of Common Pleas, appear in the opinion of the Court. The paper offered was a common bank check, of which the following is a copy.

" *Commonwealth Bank.*

" $140,00                          *Boston, Nov.* 6, 1830.
Pay to *W. True,* or bearer, one hundred forty dollars.

To the Cashier.                    *James Thomas.*"

*Vose,* for the plaintiff.

The words, *for value received,* are not necessary. *Bayley on Bills,* 24, 25, and cases cited. Where the drawer has no funds in the bank on which the check is drawn, demand and notice are unnecessary. *Bayley on Bills,* 188; *Peake's Rep.* 232; 1 *T. R.* 405; 12 *East,* 170; 1 *Caines,* 157; 4 *M. & Selw.* 226; *Campbell* v. *Pettengill,* 7 *Greenl.* 126.

*Wells,* for the defendant, contended, that the principle was, that demand and notice could be dispensed with, only where it is shown by the holder, that the drawer had no funds, nor any right to expect, that the money would be paid. The holder must show all that will excuse him for neglect. *Chitty on Bills,* 412, 413; *Cruger* v. *Armstrong,* 3 *Johns. Cas.* 5; *Bayley on Bills,* 303, 309, 310; *Campbell* v. *Pettengill,* 7 *Greenl.* 126. There is no consideration stated in the check, or proved, and it is not of itself evidence of a debt. *Hemmenway* v. *Hickes,* 4 *Pick.* 497; 7 *T. R.* 463; *Brown* v. *Gilman,* 13 *Mass. R.* 158; *Ball* v. *Allen,* 15 *Mass. R.* 433.

The case was continued for advisement, and the opinion of the Court was afterwards drawn up by

EMERY J. — This is a suit for money had and received, as stated in the first count. In the second count is set forth a check on the

Cashier of the *Commonwealth Bank*, dated *Nov.* 6, 1830, directing the Cashier to pay to *W. True*, or bearer, one hundred forty dollars, signed by the defendant, and averring a demand, refusal of payment, and notice to the defendant. No proof of presentment of the check for payment, or notice of its non-payment was exhibited. A nonsuit was directed in the Court of Common Pleas. And the question now is, whether the plaintiff can sustain his action on the proof that he does exhibit in the testimony of the Cashier of that Bank — That " it doth not appear by the books of said Bank, that said *Thomas* had any funds therein on the 6th of *Nov.* 1830. That he should not have paid the check if presented at the Bank, if *Thomas* had no funds there deposited. That it does not appear by the books of the Bank, that said *Thomas* ever deposited any money in the Bank, and the deponent has not any recollection of his having done so at any time."

Under these circumstances there is *prima facie* evidence, that there was no reasonable expectation that the funds were in the Bank on which the check was drawn, at the date of the check. On such a state of facts it is not necessary for the holder to present such a check at the Bank for payment, in order to sustain an action upon it. The drawing of it, unexplained, must be deemed a fraud, depriving the drawer of all right to require presentment and demand of payment. *Franklin* v. *Vanderpool*, 1 *Hall's R.* 78.

The plaintiff ought to have been permitted to present his case to the jury. The exceptions are therefore sustained, and a trial may be had here.