## PETER LARSON vs. JAMES A. ROSS.

Argued by appellant, submitted on brief by respondent, Dec. 7, 1893.  Affirmed Jan. 2,
1894.

### No. 8565.

**Waiver of irregularity in practice by failing to object promptly.**

> A motion for a new trial, made upon the minutes of the court, under
> the provisions of 1878 G. S. ch. 66, § 254, at a term subsequent to that
> at which the trial was had, is merely irregular, and it is incumbent upon
> one who wishes to take advantage of the irregularity to point it out to
> the court at the earliest opportunity.

Appeal by plaintiff, Peter Larson, from an order of the Municipal
Court of the City of Duluth, *Eric Winje*, J., made May 25, 1893,
granting the defendant's motion for a new trial.

The Municipal Court of the City of Duluth is a court of record and
the time within which motions for new trials and appeals may
be made or taken is governed by the statute relating to the prac-
tice in the District Courts of this State.  Sp. Laws 1891, ch. 53,
§§ 19, 46.

*John H. Boyle,* for appellant.

*N. A. & H. G. Gearhart,* for respondent.

COLLINS, J.  The defendant's motion for a new trial of this ac-
tion must be regarded as having been made upon the minutes of
the court, as provided by 1878 G. S. ch. 66, § 254, for no other ground
known to the statute was specified in the notice.  The motion was
not heard at the term at which the trial was had, but at the second
term thereafter.  Plaintiff's attorney did not oppose a hearing at
that time, nor did he object to a consideration of the motion until
it had been argued by the attorney for the moving party.  He then
moved that the motion be denied, because, under the statute, it
could only be heard at the trial term, and therefore the court was
without jurisdiction to hear or determine it.

There was no question of jurisdiction involved in the case, but
simply one going to the regularity of the proceeding.  The defend-
ant's counsel had proceeded irregularly, and, this being the situa-

tion, it was incumbent upon the plaintiff's attorney to point out the error to the court at the earliest opportunity. This he failed to do, but waited until his adversary had argued the motion upon the merits. He must be held to have thus waived the irregularity, as he had a right to do.

Order affirmed.

(Opinion published 57 N. W. Rep. 323.)