HERMAN BODNER, complainant,

*v.*

MICHAEL ROTMAN and ANNIE ROTMAN, his wife, defendants.

[Decided February 25th, 1924.]

1. Where a bond and mortgage contained an agreement that if any installment of interest should remain unpaid for sixty days after the same fell due the whole principal sum and all unpaid interest should, at the option of the mortgagee, his heirs and assigns, become immediately due, and a check for the interest was delivered to the mortgagee who held the same for twenty days, and when deposited it was returned by the bank for lack of funds to meet it, such delay in depositing the check would have worked no injury to the defendant had he allowed funds to remain in bank until its presentation.

2. Where the holder of a mortgage accepted a payment on the principal, being unaware that a check given him for interest was not good, such acceptance does not bar him from foreclosing the mortgage for non-payment of interest, and is not a waiver of any rights he may have on account of the returned protested check.

On bill, &c.

*Mr. Herman Waldman,* for the complainant.

*Mr. T. Raymond Bazley,* for the defendants.

CHURCH, V. C.

This is a motion to strike out the answer filed by the defendants in the above-entitled cause. The facts are as follows:

On January 22d, 1923, Michael Rotman executed a bond and mortgage to David Hollandei, in the sum of $8,000, payable $2,000 on September 1st, 1923; $3,000 on September 1st, 1924, and $3,000 on September 1st, 1925, with interest at six per cent., payable semi-annually.

Both bond and mortgage contained an agreement that if any installment of interest should remain unpaid for sixty days after the same fell due, that the whole principal sum, with all unpaid interest, should, at the option of the mortgagee, his heirs and assigns, become immediately due.

On March 2d, 1923, this mortgage was assigned to the complainant.

On July 22d, 1923, six months' interest fell due on said bond and mortgage.

On September 8th, 1923, a check was forwarded to the complainant for $240 in payment of said interest, which the complainant kept until September 28th, 1923. Said check for interest was deposited on September 28th, 1923, and was returned by the bank for want of funds.

On September 28th, 1923, the $2,000 installment of principal was paid to the complainant before the check for the payment of the interest was protested, and before the complainant had any notice that the check in payment of the interest would not be paid by the bank upon which it was drawn.

The first point is whether the delay of complainant in presenting the check for payment worked such an injury to the defendants that complainant should not be allowed to proceed with the foreclosure until the matter has been heard on final hearing. Section 186 of the Negotiable Instrument act provides that a check must be presented for payment

within a reasonable time after its issue or drawer will be discharged from liability thereon to the extent of the loss caused by the delay. It is true that neglect to present a check for twenty days after its receipt would probably be called an unreasonable delay, but in this instance, when the check was presented, it was returned for lack of funds, and the delay in presenting the check would have worked no injury to the defendant had he allowed funds to meet it remain in the bank until its presentment. *First National Bank of Portland* v. *Linn County National Bank, 47 Pac. Rep. 614.*

Supreme court of Oregon said:

"The holder's laches in presenting a check for payment constitutes no defense in an action against the drawer unless he is damaged by the delay, and then only to the extent of his loss. A check purports to be made upon a deposit to meet it, and presupposes funds of the drawer in the hands of the drawee. But, if the drawer has no such funds at the time of drawing his check, *or subsequently withdraws them, he commits a fraud upon the payee, and can suffer no loss or damage from the holder's delay in respect to presentment or notice.* In such case he is liable and cannot insist upon a formal demand or notice of non-payment."

The other point raised is that the complainant accepted on September 28th, $2,000 as an installment on the principal, and that the defendant contends· is sufficient to waive any rights the complainant might have on account of the returned protested check. In the first place, the letter enclosing the check specifically says that the enclosed check is a payment due on the mortgage, and that under the circumstances the complainant had no option except to apply it on the principal. There is another doctrine also involved in this case, and that is that the creditor may apply the payment in whatever way he pleases, but in this case at bar he could not apply it to anything but the principal, because the debtor instructed him to pay it on account of principal. Moreover, the complainant was unaware that the check for interest was bad when he accepted the $2,000.

Under these circumstances, it seems to me that the case comes within the doctrine laid down by *Newark Trunk Co. v. Clark, 94 N. J. Eq. 79,* and I will grant the motion to strike out the answer.