## HERMAN EBELING v. JULIA BAYERL AND OTHERS.[1]

March 27, 1925.

No. 24,456.

**Judgment, not order, appealable.**
An order of the district court, sustaining an order of the probate court from which an appeal has been taken, is not appealable—the appeal must be taken from the judgment entered pursuant to such order.

*Headnote. See Appeal and Error, 3 C. J. p. 590, § 428; p. 615, § 463.

In the matter of the estate of August Czycalla, deceased, Herman Eberling appealed from an order of the district court for McLeod

[1]Reported in 202 N. W. 817.

county, Tifft, J., affirming an order of the probate court, Odquist, J., denying his petition for an order allowing his final account and for the distribution of the residue of the estate. Dismissed.

*Joseph P. O'Hara,* for appellant.

*Sam G. Anderson,* for respondents.

WILSON, C. J.

The decedent and wife conveyed to their son, Hugo, and his wife certain land and in the deed the grantees agreed:

"To give and deliver to said first parties during their natural lives (or either of them) the one-third of all the crops of all kinds (excepting garden stuff) raised and secured on the above described premises, each year; to furnish all firewood, pasture for two cows, and if said first parties should decide to dispense with said cows, said second parties shall furnish and deliver to said first parties 3 pounds of butter each month and 1 dozen of eggs each week (when in season); to give the use of the two rooms now occupied by first parties (or the equivalent thereof if a change is desired); to furnish one-fourth of an acre of ground for a garden spot conveniently located; to give free access to well and other water supply, and to furnish reasonable care and attention in case of sickness and to see that a decent burial is given in case of the death of first parties or either of them and to do and perform all other acts which are due aged parents, and at the death of first parties shall pay to Matilda Quast, Julia Bayerl and Mary Bayerl the sum of $265 each."

Decedent paid his wife's funeral expenses upon her death. Hugo died, but his wife, now Paulina Prellwitz, is living. The representative of decedent's estate paid the funeral expenses in the administration of the estate. Upon filing the final account, heirs representing three-fourths of the estate objected to the allowance of the account because the representative had not collected the funeral expenses from the heirs of the son, Hugo, or from Pauline Prellwitz. The probate court sustained the objection and refused to allow the final account. The representative appealed to the district court. He has now attempted to appeal from the order of the district court affirming the order of the probate court.

It is the contention of the appellant that the words "to see that a decent burial is given" must be construed to mean merely that the grantee would make sure that there would be a decent burial— that they would superintend the execution or look after things so as to effect the specific result without being obligated to pay there-for. If this language stood alone, it might be susceptible to such construction, but it must be observed that it does not stand alone, but is included among the several things which were to be financed by the grantees. It is both preceded and followed by clauses which place financial burdens upon the grantees. If this clause was a gratuity and merely an obligation to see to it that a decent funeral was to be had at the expense of the estate of the decedent, it imposed no duty but what law and morals already commanded. The rules of construction support the findings of the lower court. When the entire agreement is considered, as it must be, it is difficult to see how the grantees could hope to escape liability, and it would seem that the parties intended that such funeral expense was to be paid by the grantees. However, for reasons now to be stated, we do not have jurisdiction to decide this matter on its merits.

By section 8990, G. S. 1923, it is provided that, when the order of the probate court appealed from is sustained by the district court on the merits, it shall enter judgment affirming the decision of the probate court. It provides that a certified copy of such judgment shall be filed with the probate court. In case of a reversal of modification, judgment must be entered in the district court. The order of the district court affirming the probate court is not appealable. Section 9498, G. S. 1923. Judgment entered pursuant to such order is appealable. Subdivision 1, § 9498. The result is that this court, upon this record, is without jurisdiction and the appeal is dismissed.