H. M. MARONDE, APPELLANT, v. C. VOLLENWEIDER, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed January 8, 1926.

1.—**Bills and Notes—Checks—Presenting for Payment.** Holder of check was not negligent in failing to take or mail check immediately direct to bank upon which it was drawn for payment.

2.—**Same—Same—Payee Held Not Remiss in Presenting Check for Payment.** Under sections 972, 982, Revised Statutes 1919, payee of check who forwarded it to bank for collection, where it went through regular clearing channels, **held** not to have been remiss in any particular.

3.—**Banks and Banking—Checks—Collecting Banks—Method of Collection.** A collecting bank which takes for collection paper payable at a distance is guilty of negligence in sending it direct to the bank or person by whom payment is to be made.

4.—**Bills and Notes—Checks—Bank as Agent—Negligence of Bank.** If collecting bank acting as agent for payee of check was not negligent, the payee was not.

5.—**Same—Same—Same—Method of Collection by Bank.** Mere fact that a check was sent on rather long and circuitous route by collecting bank is not evidence of bad faith or negligence, if such was the common route of all checks under similar circumstances.

6.—**Same—Same—Same—Diligence in Presenting Check is Question of Law.** Whether a given state of facts constitutes due diligence in the presentation of check to drawee bank is a question of law.

### On Motions for Rehearing and to Modify.

7.—**Appeal and Error—Appellate Practice—Issue Raised for First Time on Appeal, Should be Determined on Retrial.** Where, in suit to recover on check which was not paid because of failure of drawee bank before presentation, issue of fact as to whether forwarding bank had knowledge of failing condition of drawee bank arose for first time in consideration of motions presented on appeal, such issue should be determined on retrial.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1201, n. 42. Banks and Banking, 7CJ, p. 615; n. 65; p. 619, n. 1. Bills and Notes, 8CJ, p. 539, n. 17; p. 540, n. 18, 21; p. 543, n. 52; p. 544, n. 56; p. 1069, n. 64.

Appeal from the Circuit Court of Greene County.—Hon. Guy D. Kirby, Judge.

REVERSED AND REMANDED.

*Haymes & Dickey,* of Springfield, for appellant.

(1)   The verdict and judgment of the court is not supported by the evidence and is against the evidence. (a) 1. There was no evidence to show that the check would have been paid if it had been presented for payment prior to the afternoon of October 24, 1921, when the United States  National Bank of Vale closed its doors.   2.   There was no substantial evidence that the defendant had sufficient funds in the United States National Bank of Vale from the time the check was issued until the bank closed its doors to pay this check and all other checks that he had issued.  The testimony is so contradictory on this point as to be unworthy of belief.  3.   There was no evidence to show that if said check had been sent directly to the bank or other agencies in Vale it would have been presented in the regular course of business in the afternoon of October 22, 1921.   4.     There was no evidence to show and the conclusion was contradictory to the evidence in the case that the check was sent over a unnecessarily circuitous route which delayed the presentation of the check to such an extent that the loss should fall on the payee of the check.   5. The conclusion that no custom was shown which would justify the forwarding of said check by the route over which it was forwarded was contrary to the evidence in the case.  It was shown conclusively that the check was sent over the usual and customary route, used for the clearance of checks drawn on the United States National Bank of Vale.   (b)   A jury having been waived and the cause submitted to the Judge for trial, it is the duty of the Appellate Court to inquire whether there is substantial evidence to support the judgment.   Orchard v. Smith, 193 S. W. 574; Freeman v. Henenway, 75 Mo. App. 617; Steele v. Johnson, 96 Mo. App. 147; American Brewing Co. v. St. Louis, 209 Mo. 600; Evens & Howard Fire Brick Company v. Gammon, et al., 204 S. W. 832.   (2)   The verdict and judgment is against the law of the case.   (a)   In determining what is reasonable or unreasonable time in which to present a check for payment, regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments and the facts of particular case.   R. S. 1919, sec. 982; Cox v. Citizens State Bank, 85 Pac. (Kans.) 762; Plover Savings Bank v. Moodle, 110 N. W. 29, 113 N. W. 476; Herider & Herider v. Phoenix Loan Association, 82 Mo. App. 427; First National Bank v. Korn, 179 S. W. 721; Citizens Bank v. First National Bank, 113 N. W. 481. (b)   If a check is not presented within a reasonable time, the drawer is discharged from liability thereon, only to the extent of the loss caused by the delay, and the burden of proof is on the drawer to show loss.

R. S. 1919, sec. 972; Cox v. Citizens State Bank, 85 Pac. 762; Herider & Herider v. Phoenix Loan Association, 82 Mo. App. 427; Long Brothers v. Eckert, 73 Mo. App. 445; Wear v. Lee, 26 Mo. App. 99. (3) The court erred in refusing to declare as a matter of law under the evidence that the verdict and judgment should be for the plaintiff and to give Declaration of Law No. "1," requested by plaintiff, which Declaration of Law was in the nature of a peremptory Declaration of Law requiring that the verdict and judgment be for the plaintiff. First National Bank v. Korn, 179 S. W. 721; Linville et al. v. Welch, 29 Mo. 203; Vogel v. Stein, 132 Mo. App. 430; Selby v. McCullough, 26 Mo. App. 66; Selz v. Collins, 55 Mo. App. 55. (4) (a) Said Declaration of Law covered all facts in evidence, and clearly stated the law. Blanchon v. Kellerstrass, Distilling Cor., 208 S. W. 484; Green v. Whaley, 271 Mo. 636; Rausch v. Michael, 192 Mo. 293, 302; Cochran v. Thomas, 131 Mo. 258; Gage v. Averill, 57 Mo. App. 111, 118. (b) The court erred in refusing to give Declaration of Law No. "3," requested by plaintiff. Missouri has accepted the common-law rule that the taking of a check is not payment of the debt unless the creditor expressly agrees to take it as such; it is not payment until the money is received on it. Union Biscuit Company v. Springfield Grocer Company, 143 Mo. App. 300; Ballard v. First National Bank of Bolivar, 195 S. W. 559; Armstrong v. First National Bank of Bolivar, 195 S. W. 562; Selby v. McCullough, 26 Mo. App. 66; Long Brothers v. Eckert, 73 Mo. App. 445.

*J. E. Haymes,* of Marshfield, and *V. O. Coltrane,* of Springfield, for respondent.

(1) A check must be presented for payment within a reasonable time or the drawer will be discharged to the extent of the loss caused by the delay. R. S. 1919, sec. 972. In determining what is a reasonable time regard is to be had to the usage of trade or business and the facts of the particular case. R. S. 1919, sec. 982. But no supposed usage peculiar to a certain locality is admissible to control the settled rules of law respecting presentment of instruments. Rosenblatt v. Habermann, 8 Mo. App. 486; First Nat. Bank of Wymore v. Miller, 37 Neb. 500, 55 N. W. 1064, 40 A. S. R. 499; Morrison v. Bailey, 5 Ohio St. 13, 64 Am. Dec. 632; 3 R. C. L. p. 1171, sec. 387. Appellant relies upon the fact that there was some testimony to the effect that the Ontario National Bank cleared its checks through the bank in Portland. The statute provides that regard may be had to the "usage of trade or business, or any." There was no evidence as to the custom or usage of the banks generally in Ontario, much less as to the banks in that part of the State. Nor is there any evidence that the defendant had any knowledge of any usage or practice

by which a check would be sent a long, circuitous route which would take several additional days in which to present the check. A custom or usage of a bank to be binding must be general as to place and not confined to any particular bank or banks. It must be certain and uniform and be known to both parties before they are presumed to contract with reference to it. 17 C. J. 457, sec. 16. (Customs and Usages); Grissom v. Commercial National Bank, 87 Tenn. 350, 10 Am. St. 669; Adams v. Otterback, 15 How. (U. S.) 539, 14 L. Ed. 805. (2) Plaintiff had his principal account in the bank on which this check was drawn. There were other banks and an express office at Vale. Instead of sending the check to the bank on which it was drawn, or some collection agent in Vale, he sends it through the town of Vale to another bank in another town, and that bank sends the check on to Portland, some four hundred miles away, and that bank sends it to another bank in Portland and then the check comes back through Ontario to Vale and is presented two days after the bank is closed. This method of presentation is the act of the plaintiff as the Ontario bank and other banks through which the check passed were his agents. Forwarding a check by an unreasonably circuitous route constitutes negligence. Watt v. Gans, 114 Ala. 264, 62 Am. St. 99; Wymore First Nat. Bank v. Miller, 43 Neb. 791, 40 Am. St. 499; Gifford v. Hardell, 88 Wis. 538, 43 Am. St. 925; Herider v. Phoenix Loan Association, 82 Mo. App. 432; 8 C. J. 543, sec. 754. (Bills and Notes); Pelt v. Lamar, 128 S. W. 554; Hamlin v. Simpson, 74 N. W. 906, 213 Ill. App. 49. (3) The general rule is that injury to the drawer of a bill or a check will be presumed from the delay in making presentment and must be disproved by the holder. 8 C. J. 1019, sec. 1332, citing Nelson v. Kastle, 105 Mo. App. 187; 5 R. C. L. 512, sec. 33. The facts of this case show that the plaintiff, the holder of the check, by not presenting it in due time, made it his own and must suffer the consequences of the failure of the bank on which the check was drawn. Chouteau v. Rowse, 56 Mo. 67. Damage is presumed to have been done to the drawer if proper presentment is not made, and notice of dishonor is not given. 3 R. C. L. 1176, sec. 393; Adams v. Darby, 28 Mo. 162. The five per cent dividend is held by the defendant as money had and received for the use of the holder of the check. Morrison v. McCartney, 30 Mo. 188. (4) The defendant has shown that he had ample funds in the bank to pay the check; that the bank had been closed since October 24, 1921; that if the plaintiff had presented his check within a reasonable time it would have been paid and that by failing to present the check in due time the plaintiff made it his own and must suffer the consequences of the failure of the bank. The burden of proof is on the holder of the check, where he has made the check his own by failing to present it, to show that no loss or injury has resulted to the maker

through delay in making presentment and giving notice. Nelson v. Kastle, 105 Mo. App. 187. Whenever the holder of a check neglects to present the same and loss results to the drawer thereof the holder will lose not only his remedy upon the check, but also upon the consideration in respect of which it was given. Adams v. Darby, 28 Mo. 162.

BRADLEY, J.—This is a suit on an account. Petition was filed in Webster county but the venue was changed to Greene county where the cause was tried before the court without a jury, and the finding and judgment went for defendant and plaintiff appealed.

The petition is in the usual form. The answer pleads a discharge from liability, said plea being based upon the alleged negligence of plaintiff in presenting a check, given him by defendant, within a reasonable time. A reply put in issue the new matter pleaded in the answer.

Plaintiff resides at Brogan, Oregon, and defendant at Seymour, Missouri. Defendant went to Oregon in 1921 and engaged in buying and shipping apples, and did a banking business at the United States National Bank of Vale, Oregon. Defendant purchased apples from plaintiff and on October 21, 1921, gave plaintiff a check on the United States National Bank of Vale, Oregon, for the sum of $1207.95. There was no bank in Brogan where plaintiff resides, so he did his banking business with the Ontario National Bank of Ontario, Oregon, and with the United States National Bank of Vale. Brogan is at the north terminus of a branch line railroad that runs out from Ontario. Vale is about midway between Ontario and Brogan on this branch line. On receipt of the check plaintiff mailed it, on the first mail out, to the Ontario National Bank where he had an account. The Ontario National Bank sent the check to its correspondent in Portland, Oregon, and it passed through the Federal Reserve Bank of Portland and was presented at the United States National Bank of Vale, the bank upon which it was drawn, October 26th, two days after this bank had failed, and payment, therefore, was not made.

The learned trial court made a finding of facts as follows:

"The court finds that Brogan is a small town, without banking facilities, at the end of a branch line which leaves the Union Pacific Railroad at Ontario, Oregon. Ontario is about forty miles distant from Brogan, and the town of Vale is on said branch line about half-way between Brogan and Ontario. Vale, at the time of the matter in controversy, had three banks and Ontario had one or more banks. There is a daily train each way on said branch line between Brogan and Ontario, which train passes through Vale. There are express offices in Brogan, Vale and Ontario. Sometime prior to October 20, 1921, defendant purchased certain apples from plaintiff at an agreed

price, the amount sued for by plaintiff. On the afternoon of October 20, 1921, the defendant gave the plaintiff a check on the United States National Bank at Vale, Oregon, for the purchase price of said apples. The plaintiff on the next morning, October 21, 1921, sent this check by mail for deposit in a bank in Ontario. This check passed through Vale and arrived at the Ontario Bank on the afternoon of October 21, 1921. The Ontario Bank, instead of sending it to Vale for collection, forwarded it to the Northwestern National Bank in the city of Portland, Oregon, some four hundred miles away, and said Northwestern National Bank sent said check to the Federal Reserve Bank in Portland, Oregon, and the Federal Reserve Bank then sent the check back over the same line it had come through Ontario to Vale, Oregon, for collection. The check arrived in Vale, Oregon, on its return journey, on the 26th day October, 1921. In the meantime, namely, on October 24, 1921, the United States Bank of Vale closed its doors and stopped business at about two o'clock in the afternoon. And when said check was presented the United States National Bank of Vale was closed and the check was protested. That the town nearest to Brogan containing banking facilities is the town of Vale.

"The court further finds that the defendant had sufficient funds in the United States National Bank of Vale, from the time the check was issued until the bank closed its doors, to pay this check and all other checks that he had issued, and that said check would have been paid if it had been presented for payment prior to the afternoon of October 24, 1921, when the United States National Bank of Vale closed its doors; that plaintiff had been regularly keeping an account in said United States Bank at Vale, and also kept an account in the Bank at Ontario; that if said check had been sent directly to a bank or other agency in Vale it would have been presented in the regular course of business at the latest on the afternoon of October 22, 1921; that the forwarding of the check through Vale to Ontario and from Ontario to Portland, Oregon, and then from Portland, Oregon, back over the same line through Ontario to Vale was an unnecessarily circuitous route and delayed the presentation of the check to such an extent that the loss should fall upon the payee of the check and not upon the drawer; that no custom had been shown which will justify the forwarding of said check by such circuitous route, and that if any such custom were shown it would be an evasion of the legal duty of the Ontario bank to present said check for payment within a reasonable time."

Plaintiff received the check about 3 o'clock in the afternoon of October 20th and sent it out on the first mail thereafter, which was the next morning, for deposit to his credit in the Ontario National Bank. The deposition of the cashier of the Ontario National Bank was read in evidence. He testified that the check was received by his

bank sometime in the afternoon of October 21st, and the amount thereof was placed to plaintiff's credit; that his bank handled daily 30 or 40 checks drawn on banks in Vale; that his bank sent such checks to the Northwestern National Bank of Portland, which was the nearest clearing house; that the check was forwarded on the evening of October 21st; that the action taken by the Ontario National Bank respecting this check followed the custom.

It is plain that the check after it reached the Ontario National Bank was handled as all other checks on banks in Vale were handled, and if plaintiff is to be defeated it must be upon the theory that he was guilty of negligence (1) in not immediately taking or mailing the check direct to the United States National Bank of Vale, or (2) that it was negligence on the part of the Ontario National Bank to handle the check as it did all others drawn on banks in Vale. To state the first proposition is to answer it. Defendant does not contend that plaintiff should have by the quickest means and manner, presented in person or by messenger or any other agency, the check to the United States National Bank. Such conduct would have bespoken the character of individual who usually loses his money by placing more confidence in old shoes, old cans, knot holes, etc. than in the banks of the country. Hence we may pass to the second proposition.

No statute or decision was introduced, and no claim is made that the laws of Oregon, where all the transactions respecting the subject matter of this cause occurred, are different to the laws of the forum. A check must be presented for payment within a reasonable time after issue or the drawer will be discharged from liability to the extent of the loss caused by the delay. [Sec. 972, R. S. 1919.] In determining what is reasonable or unreasonable time regard is to be had to the usage of trade or business respecting the instrument and the facts of the particular case. [Sec. 982, R. S. 1919.] When plaintiff's conduct respecting the check is measured by the rule prescribed by the statute we do not find that he was remiss in any particular. The great weight of authority is to the effect that a collecting bank which takes for collection paper payable at a distance is guilty of negligence in sending it direct to the bank or person by whom payment is to be made. [3 R. C. L., p. 627, sec. 255.] The following authorities, and many others support the text quoted. [Farley National Bank v. Pollock, 39 So. (Ala.) 612, 2 L. R. A. (N. S.) 194; German National Bank v. Burns, 21 Pac. (Colo.) 714; Drovers' National Bank v. Anglo-American Packing & Provision Co., 7 N. E. (Ill.) 601; Anderson v. Rogers, 36 Pac. (Kan.) 1067, 27 L. R. A. 248; First National Bank of Chicago v. Citizens Savings Bank, 82 N. W. (Mich.) 66; Minneapolis Sash & Door Co. v. Metropolitan Bank, 78 N. W. (Minn.) 980; Western Wheeled Scraper Co.

v. Sadilek, 59 N. W. (Nebr.) 765; Merchants National Bank v. Goodman, 2 Atl. (Pa.) 687; Winchester Milling Co. v. Bank of Winchester, 111 S. W. (Tenn.) 248; Pinkney v. Kanawha Valley Bank, 69 S. E. (W. Va.) 1012, Ann. Cas. 1912 B 115; American National Bank v. Savannah Trust Co., 90 S. E. (N. C.) 302; Wingfield v. Security National Bank, 162 N. W. (S. D.) 309; Russo-Chinese Bank v. National Bank of Commerce, 241 U. S. 403, 60 L. Ed. 1065.]

The law as stated, supra, is the law of the land generally, and is the law of Missouri. [American Exchange National Bank v. Metropolitan National Bank, 71 Mo. App. 451.] The Ontario National Bank to which plaintiff sent the check for collection and deposit proceeded in the usual manner and was not guilty of negligence in doing so. [Herider & Herider v. Phoenix Loan Association, 82 Mo. App. 427; First National Bank v. Korn, 179 S. W. (Mo. App.) 721.] In Herider & Herider v. Phoenix Loan Ass'n, supra, the court held that the forwarding bank was negligent under the facts there obtaining, but in discussing a contention there presented the law was clearly stated. In that case we find this language:

"But defendant seeks to avoid the error of the Metropolitan Bank in sending the check to Marshall instead of Slater by the contention that it did not result in any more delay than the law permitted. The argument is based on the law that the holder of a check drawn on a bank at a distant place may place it in a bank for collection and that such bank, if it had no correspondent in the place where the check is payable, may on the day of receiving it or on the next day, transmit it to a correspondent at some other place, who in turn can wait until the next day after receiving to transmit to a correspondent at some other place, until it reaches a bank which has a correspondent at the place of payment; provided the route of transmission is not unreasonably circuitous."

The Ontario National Bank was acting for plaintiff and if that bank was not negligent then of course plaintiff was not. The mere fact that the check was sent on a rather long and circuitous route is no evidence of bad faith or negligence if such was the common route of all checks under similar circumstances. According to conceded facts, we may say, the check in question was handled by the National Bank of Ontario as were all other checks of like or similar origin.

We do not deem it necessary to prolong this discussion. We find no substantial evidence in this record to sustain the conclusion reached below. According to the law as we have found it if the National Bank of Ontario had acted differently, that is other than according to the usual and customary procedure in such cases, and payment on the check had been refused, then said bank would have been guilty of negligence.

Whether a given state of facts constitutes due diligence in the presentation of check to the drawee bank is a question of law. [First National Bank v. Korn, supra.] The facts here are not controverted, and they are not sufficient to defeat recovery. The cause should be reversed and remanded and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.

## ON MOTION FOR REHEARING.

BRADLEY, J.—Defendant has filed motion for rehearing and plaintiff has filed motion to modify. The modification sought is that instead of reversing the judgment and remanding the cause the order be reversing the judgment and remanding the cause with direction to enter judgment for plaintiff as prayed for in the petition.

The motion for rehearing is directed to the proposition that we reached an erroneous conclusion in the opinion filed. Under the facts presented we believe that our opinion is in accord with sound reason and good banking and is supported by the great weight of authority. There is nothing in this record to show that there was any clearing point at Ontario or Vale or elsewhere through which the check might have been presented with less delay than was the result from the method followed. Neither is there anything in the record tending to show that at the time the Ontario National Bank forwarded the check to its correspondent in Portland that it had any knowledge or information to the effect that the United States National Bank of Vale was in an unsound or bad condition. Rather is the evidence on this question to the contrary. The cashier of the Ontario National Bank testifies that the check, as were all checks received by his bank on banks in Vale, was sent to "the Northwestern National Bank of Portland which was the nearest clearing house that we could use." Also he testified; "When we received the check we did not know that the United States National Bank of Vale was in a failing condition or that it was regarded among the bankers of that community as being unsound financially." Neither did the plaintiff nor defendant have such knowledge or information. At the time the United States National Bank of Vale failed plaintiff had on deposit in said bank "over $3300," and defendant had $8400.

Unless our opinion is in accord with the law then when a bank receives an item upon another bank in the same county, but out of the town or city where its own place of business is, or items upon banks in adjoining or nearby counties, such bank will at its peril handle such item through the constituted agencies that sound banking experience has established. And though there be no clearing point nearby and nothing to indicate that the bank upon which the item is drawn is unsound, yet such item may not be sent through the

usual course except at the sender's peril. We do not believe that such is or ought to be the law.

It is quite apparent that no importance was placed on the question of knowledge or information on the part of the National Bank of Ontario that the United States Bank of Vale was in a failing condition when the check was received by the Nationl Bank of Ontario. This point arose during the consideration of the motions presented. It may be that upon a retrial an issue of fact may be made on this question. If so it should be determined. Both plaintiff and defendant are in a sense innocent, but there is nothing here to show that plaintiff or his agent, the Ontario National Bank, was negligent, and unless such is shown plaintiff should prevail.

The motions for rehearing and to modify should both be overruled and it is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.