MISSOURI PACIFIC RAILROAD COMPANY, APPELLANT, v. H. M. BROWN COAL COMPANY, RESPONDENT.—48 S. W. (2d) 86.

Springfield Court of Appeals. March 7, 1932.

*Thomas J. Cole, Russell L. Dearmont, W. C. Russell* and *Edward J. White* for appellants.

*Haw & Haw* for respondent.

COX, P. J.—Action to recover for freight upon three cars of coal shipped over plaintiff's road to defendant at Charleston, Missouri. The petition was in three counts, one for freight on each car of coal. On the first count plaintiff asked for $71.72; on the second, $72.05 and on the third, $79.06.

The answer admitted the amounts charged were correct but pleaded payment by checks drawn on a bank in Charleston which, it is alleged, plaintiff held an unreasonable length of time and did not present said checks until after the bank had failed and closed its doors.

The sole issue in this case was as to whether or not defendant was released by the failure of plaintiff to present the checks to the bank for payment before it closed its doors.

This judgment will have to be reversed and the cause remanded for the reason that the evidence does not tend to show how much, if any, defendant was damaged by the delay of plaintiff in presenting defendants checks to the bank for payment. Our negotiable instrument law, section 2814, provides as follows: "A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." This statute is clear and needs no interpretation. By its terms, delay in presenting a check for payment does not, alone, discharge the liability of the drawer but only discharge him to the extent of the loss which he may suffer by reason of the delay in presenting the check for payment. [Wooldridge v. Bryan, 307 Mo. 234, 244, 270 S. W. 658.]

Since defendant pleaded release by reason of the delay in presenting the checks and the statute provides that in such case he is only released to the extent of his loss by reason of the delay, the burden should be upon him to show the extent of his loss and since

no evidence was offered by him on that question, he failed in his proof as to the defense of delay in presenting the checks for payment.

Defendants' evidence tends to show that two checks were issued by him to pay the three freight bills sued on; that both checks were issued and delivered to plaintiff's agent on January 1, 1930; that he wrote the first check for $143.77, which was to pay two of the freight bills and after having written it and dating it January 1, 1930, he recalled that this day was a legal holiday and he then dated the other check, which was for $79.05 to pay the other freight bill, January 2nd, but that both checks were delivered on the 1st. Plaintiff's evidence tended to show that the last check for $79.05 was not delivered until January 2nd. The evidence also showed that plaintiff's agent went to the bank on the second and took with him cash from the drawer and on that day bought a draft for $150 which plaintiff's agent said was done to prevent the money being stolen as the depot had been previously burglarized.

The rule is that a check must be presented for payment in a reasonable time after it is received. What is a reasonable time must depend upon the facts in each case. It is also generally recognized that when the holder of a check and the bank on which it is drawn are in the same city or town, the check must be presented on the day it is received or the next day thereafter and if not so presented the holder will be held guilty of negligence as a matter of law. [Koch v. Sanford Loan & Realty Co., 220 Mo. App. 369, 400, 286 S. W. 832.]

Plaintiff admits that the check for $143.77 was received by it on January 1, 1930, but plaintiff's agent testified that the other check for $79.06 was not received until January 2nd. Defendant's testimony was to the effect that all the checks were delivered on the first. Plaintiff did not ask a separate instruction as to the check for $79.06. Had it done so and the jury had found that this check was not delivered until January 2nd, plaintiff would have been entitled to recover on that count.

Plaintiff suggests that as January 1st was a legal holiday and the bank was not open on that day, that this fact would extend the time within which plaintiff should be required to present the checks for another day and that would entitle it to recover on all the counts because the bank closed January 2nd and was not open on the third. No authorities are cited to sustain that position and we do not think that fact changes the rule that the check must be presented not later than the next day after its delivery nor do we think that the reason given by the agent of plaintiff for not taking defendant's checks with him and presenting them at the time he went to the bank and bought a draft is a good legal reason for not taking them.

The evidence discloses that defendant did not have enough money in the bank to pay all these checks until two o'clock P. M. of January 2nd, so that if plaintiff had presented all the checks for payment prior to that hour on that day there would not have been sufficient funds in the bank to have paid all of them. There were funds sufficient to pay one check of $143.77 which, it is admitted by plaintiff, was received by it on the first day of January but plaintiff was not required to present the checks separately if they were all received at the same time. [McIntire v. Live Stock Shipping Assn., 222 Mo. App. 935, 939-40, 11 S. W. (2d) 77.]

If defendant's testimony that the checks were all delivered on January 1st is to be taken as true, then that fact raises this question; would the fact that defendant did not have sufficient funds in the bank to pay all these checks until two o'clock P. M., on January 2nd estop him from asserting that the checks should have been presented on that day? It is clear that defendant could not be injured by a failure to present the checks for payment if he did not have sufficient funds in the bank to pay them. [First National Bank v. Lynn Co. National Bank (Ore.), 47 Pac. 614.]

In this case he did not have sufficient funds in the bank until he made the deposit about two P. M., on January 2nd and it occurs to us that it would be unreasonable to hold that defendant could assert the defense of unreasonable delay based on the fact that plaintiff did not present the checks after two o'clock P. M., on the last day on which he was required to present them. True, the checks were not presented at all on that day and it may be said that both parties were in default but it seems to us, and we so hold, that plaintiff should have a reasonable time in which to present the checks after defendant had placed sufficient funds on deposit in the bank to pay them and that would extend its time to the next day. As already said, the rule is, that when a bank and the holder of the check are both in the same place, the holder of the check may, ordinarily, wait until the next day after he receives his check to present it for payment. Upon the same principle, he should be allowed to wait until the next day after the drawer of the check has placed sufficient funds in the bank to pay them before being required to present them for payment.

Should there be no additional facts developed at the next trial, a peremptory instruction to find for plaintiff should be given.

The judgment will be reversed and the cause remanded. *Bailey* and *Smith, JJ.,* concur.