# IN RE ESTATE OF WILLIAM M. HORE.
## HELEN R. RYDEEN, APPELLANT.[1]

July 13, 1945.

Nos. 33,843, 33,938.

[1]Reported in 19 N. W. (2d) 778.

366

*Frank E. McAllister,* for appellant.

*Frank J. Collins* and *Ben R. Toensing,* for Frank J. Collins, executor, respondent.

PETERSON, JUSTICE.

There are two appeals in this case, one from the order denying appellant's motion below for a new trial and the other from the judgment. Motions have been made to dismiss both appeals.

In No. 33,843, the appeal is from the order denying the motion for a new trial. The motion to dismiss the appeal is upon the ground that the court had no jurisdiction to hear and determine the motion, because more than 30 days after notice of the filing of the decision had elapsed before the motion was heard, and the time for hearing it had not been extended by written stipulation of the parties or by the court for cause. The motion was noticed

for hearing on September 14, 1943, which was within 30 days after notice of the filing of the decision. At the calendar call, the motion was referred for hearing to the judge who tried the case. The motion was heard on January 28, 1944, and denied by an order filed on February 11, 1944. The record does not show that the time for hearing the motion was extended by written stipulation of the parties or by the court for cause. The order recites that the motion came on "regularly" for hearing. Respondent does not deny the recital, except for the assertion that there was no written stipulation of the parties or an order of court extending the time for hearing the motion. Appellant states, and this is not denied, that respondent voluntarily and without objection participated in the hearing of the motion. Absent explicit showing to the contrary, that fact is implicit in the recital that the matter came on *regularly* for hearing. We so construe the record.

The statute, Minn. St. 1941, § 547.02 (Mason St. 1927, § 9326), provides:

"* * * If the motion [for new trial] is to be heard on the minutes of the court, it shall be heard within 30 days after the coming in of the verdict or notice of the filing of the decision * * *, unless the time be extended by written stipulation of the parties or by the court for cause, * * *."

The court's jurisdiction continues beyond the 30 days after the coming in of the verdict or notice of the filing of the decision where the parties consent in writing or the court so orders for cause. The parties have the right to waive the requirement of a written stipulation or a prior order of court for cause. Where they do so, the waiver takes the place of a written stipulation or an order. Our cases in effect so hold. Where a motion for a new trial is made upon the minutes and is noticed for hearing within 30 days after the coming in of the verdict or notice of the filing of the decision and is heard after the 30-day period without objection by the opposing party, the statutory requirements of a written stipulation extending the time for hearing the motion or an

order of court doing so for cause are waived by the opposing party, and the court has jurisdiction to hear and determine the motion. Gribble v. Livermore, 64 Minn. 396, 67 N. W. 213; Larson v. Ross, 56 Minn. 74, 57 N. W. 323. The record in Cox v. Selover, 165 Minn. 50, 205 N. W. 691, shows precisely the same fact situation as we have here. The decision there was that the opposing party in effect consented to the hearing of the motion and consequently was in no position to contend on appeal that the time for hearing had not been extended. The theory of our cases is that the jurisdiction of the court continues after the 30 days where the parties so stipulate in writing or there is a prior order extending the time for cause, and that the statutory requirements as to a stipulation or a court order may be, and are, waived by consenting to hear the motion after the 30-day period has elapsed. Where, however, the opposing parties make a timely and proper objection, the court has no jurisdiction to hear the motion after the lapse of the 30 days. Smith v. Wright, 192 Minn. 424, 256 N. W. 890; Edelstein v. Levine, 179 Minn. 136, 228 N. W. 558. Respondent relies upon these cases. They are not in point, because in each of them the opposing party objected to the hearing of the motion after the 30 days had expired, and here respondent did not. The motion to dismiss the appeal should be, and it is, denied.

In No. 33,938 the appeal is from the judgment. The motion to dismiss is upon the grounds that appellant waived the right to appeal from the judgment by the appeal in No. 33,843 from the order denying the motion for a new trial, and that there is no judgment answering the description of the one described in the notice of appeal as the one appealed from. Some further statement of the facts should be made to clarify the situation. Judgment was entered on March 20, 1944. The notice of appeal in No. 33,843 from the order denying the new trial was filed on March 30, 1944. The notice of appeal in No. 33,938 from the judgment was filed September 7, 1944. The judgment is described in the notice of appeal as the one entered on March 13, 1944. There was in fact only one judgment, the one entered on March 20, 1944. It is appar-

ent that the notice of appeal merely misdescribed it by giving the date as March 13, 1944, instead of March 20, 1944.

An appeal from an order denying a motion for a new trial is authorized by Minn. St. 1941, § 605.09(4), (Mason St. 1940 Supp. § 9498[4]). The entry of judgment does not prevent an appeal from the order. We have entertained appeals where the motion was made and determined after the entry of judgment. Noonan v. Spear, 125 Minn. 475, 147 N. W. 654; Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129. The appeal from an order denying a motion for a new trial must be taken within the time for appealing from the judgment, even where no notice of the filing of the order was served. Churchill v. Overend, 142 Minn. 102, 170 N. W. 919; Harcum v. Benson, 135 Minn. 23, 160 N. W. 80. The appeal from the judgment is authorized by § 605.09(1), (Mason St. 1927, § 9498[1]); Ebeling v. Bayerl, 162 Minn. 379, 202 N. W. 817. Hence, we have here two appeals authorized by statute. This is entirely different from two appeals from the same order or judgment, as was the case in Mitchell v. Bazille, 216 Minn. 368, 13 N. W. (2d) 20, and Cruzen v. Merchants State Bank, 109 Minn. 303, 123 N. W. 666. The difference is that the statute authorizes but one appeal from a judgment or order, and separate appeals from each. Separate appeals from an order denying a motion for a new trial and from the judgment are coexisting, but not necessarily inconsistent, remedies. That being true, the election of one did not waive the other. See, Hardware Mut. Cas. Co. v. Ozmun, 217 Minn. 280, 14 N. W. (2d) 351. The appeal from the order was not a waiver of the right to appeal from the judgment.

3. The misdescription of the judgment is of no consequence. It is apparent from the record that there was only one judgment and that the intention was to appeal from it. Respondent was not misled and could not have been. What possible difference could it make whether the judgment is referred to as bearing date March 20, 1944, or March 13, 1944? Mere clerical errors in a notice of appeal do not affect the validity of the appeal. Village of Aurora

v. Commr. of Taxation, 217 Minn. 64, 14 N. W. (2d) 292; Anderson v. County of Meeker, 46 Minn. 237, 48 N. W. 1022.

■ The question, then, is: What shall we do with the appeal from the judgment? It is apparent, as was stated upon the argument, that the appeal from the judgment was taken lest we dismiss the one from the order and in order to make sure of a valid appeal. The two appeals have been submitted upon the same record, briefs, and argument. They raise identical questions. Under the circumstances, one decision disposes of both appeals. In Manemann v. West, 216 Minn. 516, 13 N. W. (2d) 474, where there was no motion to dismiss, we affirmed both the order and the judgment. Here, we do likewise. The effect of our decision is to treat the appeals as consolidated and united. McCusker v. Spier, 72 Conn. 628, 45 A. 1011. The motion to dismiss is therefore denied. But, since appellant has incurred no separate costs on the appeal from the judgment, none will be allowed on that appeal. See, Mitchell v. Bazille, 216 Minn. 368, 13 N. W. (2d) 20, *supra*.

■ The appeals raise the single question whether there was error in the trial court's conclusion of law, that the drawer of a check for a valid consideration is discharged by the payee's failure to present the check to the bank for payment where the drawer did not have sufficient funds in the bank for the payment thereof and where he had promised to deposit funds for the purpose, but did not.

The case was tried below on appeal from an order of the probate court disallowing appellant's claim for the amount of the check in question. The trial court found that on August 9, 1941, the decedent executed and delivered to appellant a check for $20,000 drawn on the Northwestern National Bank & Trust Company in consideration of her dismissal of an action for breach of promise of marriage which she had brought against him; that at the time the check was drawn he did not have, nor did he at any time thereafter have, sufficient funds in the bank to pay the check; that she never presented the check to the bank or to the drawer for payment; and that a claim for the check had been filed against the estate of the drawer, who had died shortly after giving it, which

was disallowed by the probate court upon the ground that it was not "a valid or subsisting claim against the estate." The conclusion of law based upon those findings was that the claim was not a valid and subsisting one against the estate and that the order of the probate court disallowing the claim be affirmed. In addition, it appears without dispute that decedent informed appellant that he did not have sufficient funds in the bank to cover its payment; that he requested her to hold it for a month or so; and that he promised to deposit sufficient funds to pay it, but did not do so. He died on September 17, 1941, a month and eight days after he drew the check. Respondent (the executor) stated upon the argument that decedent was entitled under the will of his deceased wife to property greatly exceeding the amount of the check, and that, because of that fact, decedent had reason to believe that the bank would honor the check.

The defense is that decedent as the drawer of the check was discharged from liability by appellant's failure to present the check to the bank for payment. In answer thereto, appellant contends that decedent was not discharged, for the reasons that presentment for payment was excused by the fact that decedent did not at the time of the execution and delivery of the check or thereafter have sufficient funds in the bank to pay it, and that, in any event, the drawer of a check is not discharged absolutely by nonpresentment for payment, but only to the extent of the loss caused thereby, with the consequence here that there was no discharge at all because there was no loss. We think that the case can be and should be decided upon the last-mentioned ground.

N. I. L.[2] § 186 (Minn. St. 1941, § 335.74 [Mason St. 1927, § 7229]), provides that a check must be presented for payment within a reasonable time after its issue or the drawer will be discharged to the extent of the loss caused by the *delay*. N. I. L. § 186, is the same as the law merchant was prior to its enactment. 8 Am. Jur., Bills and Notes, § 668. The drawer of a check is not damaged by delay in presenting it for payment where he has no funds or in-

[2]Negotiable Instruments Law.

sufficient funds in the bank for its payment. Hoyt v. Seeley, 18 Conn. 353; Missouri Pac. R. Co. v. H. M. Brown Coal Co. 226 Mo. App. 1038, 48 S. W. (2d) 86; Bodner v. Rotman, 95 N. J. Eq. 510, 123 A. 529; First Nat. Bank v. Linn County Bank, 30 Or. 296, 47 P. 614. The rule in reason could not be different.

The instant case is not one of delay in making presentment for payment, but one of no presentment for payment at all. The rule should be and is the same in cases of no presentment for payment as in those of delay in doing so. N. I. L. § 196 (§ 335.80 [§ 7240]), provides that cases not covered by it shall be governed by the law merchant. In effect, N. I. L. adopts the law merchant in all cases not otherwise specifically mentioned in the statute. The rule under the law merchant is that the drawer of a check is discharged by failure to present it for payment to the extent of the loss caused by the failure; and that, where the drawer does not have sufficient funds in the bank for its payment, he is not discharged at all, because he is not damaged by the failure to make presentment for payment. Kinyon v. Stanton, 44 Wis. 479, 28 Am. R. 601 (drawer drew money out of bank, leaving none on deposit for payment of check). The drawer of a check in such a situation is no more injured by failure to present it for payment than he would be by delay in doing so. Furthermore, the purpose of requiring presentment and notice is to enable the drawer to save himself from loss. Where the check is drawn on insufficient funds or no funds, there is no loss from which to protect him and consequently no purpose in making presentment. 3 Daniel, Negotiable Instruments (7 ed.) § 1772. Here, it appears that neither decedent nor his estate sustained any loss by the failure to present the check for payment. Hence, decedent was not discharged by the failure of appellant to present the check to the bank for payment. The liability survives the death of the drawer. The check constitutes a valid and subsisting claim against the drawer's estate. Baxter v. Brandenburg, 137 Minn. 259, 163 N. W. 516.

■ The suggestion was made upon the argument that appellant has not shown that decedent did not have other arrangements or

credit with the bank for payment of the check, and that, absent such a showing, it must be presumed that the drawer had made such arrangements or had such credit. The answer is obvious. The evidence conclusively shows that the check was to be paid out of decedent's checking account. He agreed to deposit funds for that express purpose, but failed to do so. On its face, the transaction shows that that was the intention of the parties. A check purports to have been drawn on the drawer's checking account. Where it is shown that the drawer did not have sufficient funds in his account for its payment, *prima facie* the drawing of the check was unauthorized. The burden then shifts to the drawer, if he makes such a claim, to show other arrangements with the bank to pay the check. Hamlin v. Simpson, 105 Iowa 125, 74 N. W. 906, 44 L. R. A. 397; True v. Thomas, 16 Me. 36. No such showing was made here.

The fact that decedent was entitled to a share of his deceased wife's estate greatly exceeding the amount of the check does not show that he was entitled to draw on the bank. See, Yongue v. Ruff, 3 Strob. (S. C.) 311.

The trial court's conclusion of law that the check was not a valid and subsisting claim against decedent's estate is erroneous. Appellant is entitled to have her claim for the check allowed.

Reversed with directions to enter judgment allowing appellant's claim.

THOMAS GALLAGHER, JUSTICE (dissenting).

I feel that the interests of justice would be better served if the case were remanded for a new trial, at which time all the issues might be completely litigated and the claimed newly discovered evidence submitted for consideration.